United States Court of Appeals,

Fifth Circuit.

No. 93-8770.

Mary J. GARCIA, Janie N. Rodriguez, Susan Urquidez, Rod T. Ellis, Ruben Gonzales, Lucy Rodriguez, Josie Breese, George Dominguez, Joel Madrid, Jose Baeza, Cynthia Dutchover, David Davis, Felipe Villalobos, Charles Titus, Janice Bell, Plaintiffs-Appellees,

v.

REEVES COUNTY, TEXAS, et al., Defendants,

Arnulfo Gomez, Sheriff, Defendant-Appellant.

Sept. 20, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before REYNALDO G. GARZA, SMITH and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Fifteen former employees of the Reeves County Sheriff's Department ("Appellees") filed lawsuits against newly elected Sheriff Arnulfo Gomez (Gomez) and Reeves County, Texas, claiming pursuant to 42 U.S.C. § 1983 that their constitutional rights to due process and their First Amendment rights of political affiliation were violated when Gomez notified them that he would not need their services as county employees when his term of office began on January 1, 1993. Sheriff Gomez filed a motion for summary judgment asserting qualified immunity. The district court denied the motion summarily, finding it precluded by genuine issues of material fact. Gomez appealed.

## FACTS

In 1992, Appellant Gomez unseated Raul Florez, the incumbent

sheriff of Reeves County in a hotly contested race. Seventeen out of approximately 250 Reeves County employees received the following notice on or about December 31, 1992.

> This serves to notify you that effective January 1, 1993 your services under my administration will not be required. Any Reeves County property that was issued to you should be accounted for an [sic] rendered to your immediate supervisor. Your cooperation on this matter is expected.
>
> If you wish to discuss this matter come to my office after the effective date above.
>
> /s/
>
> Arnulfo Gomez, Sheriff Elect

Each of the Appellees initiated grievance proceedings with the County Commissioners Court in accordance with provisions of the Reeves County Personnel Policy Manual, seeking reinstatement to their former positions. They were denied a hearing and opportunity to present their claims by the Commissioners Court, and thereafter filed this suit. The Appellees allege that they supported Gomez's opponent in the sheriff's race, that Gomez was aware of their support, and that he fired them in violation of their First Amendment rights to affiliate with a political candidate of their choice.

### STANDARD OF REVIEW

We review summary judgments *de novo,* applying the same standard as the district court. *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955, 956 (5th Cir.1993). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

2

moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c). A dispute about a material fact in "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making its determination, the court must draw all justifiable inferences in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. at 2513. Further, the court must view the evidence presented through the prism of the substantive evidentiary burden to be applied in this case. *Id.*

DUE PROCESS

The threshold inquiry in determining whether a government official has violated a clearly established right sufficiently to deprive that official of qualified immunity is whether the plaintiff has asserted any constitutional violation at all. *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). *See also, Duckett v. Cedar Park, Tex.,* 950 F.2d 272, 276-77 (5th Cir.1992).

Appellant does not dispute that Appellees were afforded no due process when they lost their jobs. Appellant's position is that they were not due any process. The crux of the due process issue before this Court on appeal is whether Appellees had a cognizable property interest in continued employment. *See, Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (To prevail on a claim of deprivation of employment without due process of law, plaintiff must show that he had a cognizable property

3

interest in his continued employment and that the process he was afforded was insufficient to protect that interest.)  The Constitution does not create property interests, *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), and Appellees therefore look to Texas law for the creation of a property interest that will support their claim to due process rights.

Appellees concede that they would be at-will employees under Texas law absent the County Personnel Manual which requires just cause for termination of a Reeves County employee.  In two cases relied on by Appellees, this court has held that when a Texas city government adopts a personnel procedure which includes a "just cause" provision, the city employees' at-will status is modified, and they enjoy a property interest in continued employment. *Schaper v. Huntsville,* 813 F.2d 709, 713-14 (5th Cir.1987); *Bueno v. Donna,* 714 F.2d 484, 492 (5th Cir.1983.)

Appellees now ask that we extend this ruling to sheriff's office employees in Texas counties where the county commissioners court has adopted a "just cause" provision in its county personnel manual.  Finding ourselves constrained by Texas law, we decline to extend the *Huntsville* and *Donna* holdings.

Texas Local Government Code § 85.003(c) provides that "[a] deputy serves at the pleasure of the sheriff."  The sheriff must apply to the county commissioners court for authority to appoint employees to serve as deputies, assistants, clerks or jailers. TEX.LOC.GOVT.CODE ANN. §§ 85.005 and 151.001.  However, once the

4

commissioners court sets the number and salary of sheriff office employees, it may not attempt to influence the appointment of any person to an employee position. TEX.LOC.GOVT.CODE ANN. § 151.004. *Commissioners Court of Shelby County v. Ross,* 809 S.W.2d 754 (Tex.App.—Tyler 1991). We hold that the Reeves County Commissioners Court had no authority under Texas law to change the Appellees from at-will to just cause status, thereby preventing Gomez from terminating sheriff's department employees who served under a previous administration without just cause.

Appellees argue that the sheriff's plenary authority is restricted by § 85.003(c) to deputized employees only, and does not apply to appellees who served in nondeputized positions. In Texas, employees of any elected official serve at the pleasure of the elected official, regardless of whether there is a statute which specifies at-will status. In *Renken v. Harris County,* 808 S.W.2d 222 (Tex.App.—Houston [14th] 1991), the court found deputy constables were at-will employees, although a review of the constable statute reveals no at-will language. TEX.LOC.GOVT.CODE ANN. § 86.011. Likewise, in *Renfro v. Shropshire,* 566 S.W.2d 688 (Tex.Civ.App.—Eastland 1978), the court found that county clerks enjoy unfettered discretion in hiring and firing their employees. Again, the statute contains no express provision that the deputy serves at the pleasure of the clerk. TEX.LOC.GOVT.CODE ANN. § 82.005.

While no Fifth Circuit case squarely addresses the distinction between deputies and other employees of a Texas sheriff's department, we observed in *Barrett v. Thomas,* 649 F.2d 1193 (5th

5

Cir.1981) that "[s]heriffs, like other elected county officials in Texas, have indisputably wide-ranging discretion in the selection of their employees," *Id.* at 1199, and made no distinction among the rights of the plaintiff class which ranged from clerical workers to law enforcement personnel. *Id.* at 1201.

Finally, the language relied on by Appellees appears in the Reeves County Personnel Policy, which, by its terms, is not a contract.[1]  In Texas, absent any contractual limitations, either party may end an employment relationship at will, with or without cause.  Where no express reciprocal agreement dealing with procedures for discharge are included, employee handbooks constitute no more than general guidelines and do not create contractual rights in employees. *Joachim v. AT & T Information Systems,* 793 F.2d 113, 114 (5th Cir.1986).

We hold that the Reeves County Commissioners Court had no authority under Texas law to modify the sheriff's department employees' at-will status, and that the Personnel Policy did not give the Appellees a cognizable property interest in continued employment that would serve to deprive Gomez of qualified immunity.

FIRST AMENDMENT CLAIMS

If Appellees have presented evidence supporting the contention that they were fired because of their political affiliation or political beliefs, their First Amendment claims are

---

[1]"Furthermore, this Employees Handbook does not constitute nor should it be considered a contract and may be changed at any time at the sole discretion of Commissioners' Court at any regular meeting with or without notice to the employees." (Record, Volume 4, exhibit 25, pp. 1-2)

viable and should survive Gomez's motion for summary judgment. *Correa v. Fischer,* 982 F.2d 931, 933 (5th Cir.1993). Appellees must establish a fact dispute in each of three areas to avoid summary judgment on their First Amendment Claims; one, did the Appellees suffer an adverse employment action, two, was that action motivated by constitutionally impermissible reasons, and three, were the Appellees within the class of public employees of whom political allegiance may be demanded?

Under *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), Appellees bear the initial burden of showing that constitutionally protected activity (affiliation with the former sheriff's campaign) was a substantial or motivating factor in Appellant's decision to terminate their employment.

Therefore we must first decide if, on the record before us, there is a fact dispute on whether or not there was a triggering personnel decision, either firing or failing to hire each of the Appellees. The record contains the notice to the Appellees advising them that their services would not be needed as of January 1, 1993. Appellant contends that if Appellees had come to talk to him, he would have considered hiring them, so that the notice was not a final determination on his part. He also contends that they were unemployed by operation of law on January 1, 1993, and they failed to reapply for their jobs. The best that can be said for Appellant's position on this issue is that it creates a fact dispute concerning whether Appellees suffered an adverse employment

decision.

Second, was impermissible political animus a substantial or motivating factor in the challenged decisions?  The record contains evidence that the Florez-Gomez race for sheriff was hotly contested, with some sheriff's department employees supporting each candidate.  Gomez had worked for many years as an employee in the sheriff's department under his opponent.  He knew the Appellees well, including their work habits and faults, and even admits to knowing whose candidacy many of the sheriff's department employees supported.  Appellees ask this Court to rely on the inferences that can be drawn from the circumstances of the campaign and the subsequent terminations to conclude that a fact dispute exists on the issue of whether political animus was a substantial or motivating factor in their terminations.

Making this determination demands a sensitive inquiry into such circumstantial evidence of intent as may be available. *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 270-71, 97 S.Ct. 555, 566-67, 50 L.Ed.2d 450 (1977).  While cognizant of the circumstantial nature of evidence typically available in a case such as this, we hold that plaintiffs cannot establish a fact dispute simply by proving up a contested political race and subsequent firings.  Adding inadmissible hearsay, for example, Janie Rodriguez's deposition testimony that Gomez's supporters told her she was "out the door" for not supporting him, will likewise not be enough to get past the summary judgment hurdle.  Even taken together, the claims do not fall into a pattern

8

from which an inference of political animosity can be drawn. *See, Correa v. Fischer,* 982 F.2d 931, 934 (5th Cir.1993) ("mass" firings can suggest that employees' terminations were not based on individual considerations, but rather on a political litmus test.) The evidence in this record supports the conclusion that Gomez wanted a reasonable level of loyalty and efficiency from his employees, regardless of their political beliefs, which is a perfectly legal motivation. *McBee v. Jim Hogg County, Tex.,* 730 F.2d 1009, 1014 (5th Cir.1984). All but one of the Appellees have failed to offer evidence, circumstantial or otherwise, that if believed by a trier of fact, would create the causal connection between political activities or beliefs and job terminations, which is necessary to entitle them to a verdict on the issue of political animus firing.

Only Appellee Susan Urquidez's case survives, on the basis of Gomez's own affidavit testimony. Gomez related that Urquidez was hired after the primary elections to fill a position that became available when Raul Florez fired some people who had supported Gomez's campaign. Gomez promised those people that he would put them back to work if he came into office. He wanted to send a signal to his supporters that he valued and supported them. Although he had no adverse opinion about Urquidez's job performance, he let her go and rehired a former sheriff's department employee.

Urquidez's case, having survived the second step, must then be examined under the third step: was she within the exceptional

9

class of public servants of whom political allegiance may be demanded? This third question requires the court to look at her job description. In *Barrett v. Thomas*, 649 F.2d 1193 (5th Cir.1981), this Court held that "the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id.* at 1200-1201, *citing, Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). In that case, the court found that what has been termed the "confidential policymaking exception" did not apply to the plaintiff class which ranged from clerical workers to law enforcement personnel in a Texas sheriff's office. *Id.* at 1201. Although Gomez summarizes the Urquidez's job in his affidavit, nowhere in the record have we found Appellee's formal job duties set out. On the record before us, we do not have enough information about Urquidez to disagree with the trial court's finding that genuine issues of material fact remain.

Gomez characterizes the law in this area as complex and difficult to apply, reasoning that he therefore did not violate clearly established law in filling positions based on loyalty and trust. Gomez may be correct that the law in this area is complex, fact specific and difficult to apply. However, he is not immune from the consequences of violating complex laws, if they are clearly established, as this one has been since at least 1981. *Barrett v. Thomas*, 649 F.2d 1193 (5th Cir.1981).

CONCLUSION

Based on the foregoing, that portion of the trial court's

10

order denying Gomez summary judgment on all Appellees' due process claims is REVERSED.  That portion which denies summary judgment of the First Amendment questions is AFFIRMED as to Appellee Urquidez, and REVERSED as to all other Appellees.