**Marina MORENO, Plaintiff,**

**v.**

**Patricia BARRERA, Individually and as Tax Assessor–Collector of Webb County, Texas; and Webb County, Texas, Defendants.**

**Civ. A. No. L–93–191.**

United States District Court, S.D. Texas, Laredo Division.

Dec. 23, 1994.

Memorandum Denying Reconsideration Jan. 26, 1995.

Sharon Trigo, Laredo, TX, for Marina Moreno.

Julio Garcia, Jose Homero Ramirez, Webb County Attys. Office, Laredo, TX, for Patricia Barrera.

Jose Homero Ramirez, Webb County Attys. Office, Laredo, TX, Murray Edward Malakoff, Harris County Deputy Sheriff's Union, Houston, TX, for Webb County, TX.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant Patricia Barrera's (Barrera) second Motion for Summary Judgment. On August 19, 1994, the Court granted Barrera's first motion for summary judgment on Plaintiff Moreno's (Moreno) First Amendment claim, but denied summary judgment on her due process claim. Moreno was instructed to file an amended pleading stating, "with particularity, the source of the property interest in her job . . ., and explaining the nature of the due process violation." Moreno then filed an amended pleading which prompted Barrera's second motion for summary judgment. On November 22, 1994, the Court held a hearing at which the parties were directed to consider the impact of *Garcia v. Reeves County, Texas,* 32 F.3d 200 (5th. Cir.1994) on the issue of whether Tax–Collector Assessor employees served at-will, and if so, whether there were any contractual limitations, e.g. a "just cause" provision in the personnel manual, which might limit the application of the at-will doctrine.

■ Barrera complied with the Court's directive, arguing that in Texas, "employees of any elected official serve at the pleasure of the elected official, regardless of whether there is a statute which specifies at-will status." *See Garcia,* at 203 *citing Renken v. Harris County,* 808 S.W.2d 222 (Tex.App.— Houston [14th] 1991) (deputy constables are at-will employees without specific statutory at-will language); *Renfro v. Shropshire,* 566 S.W.2d 688 (Tex.Civ.App.—Eastland 1978) (county clerks enjoy unfettered discretion in hiring and firing their employees). Barrera also argues that a mere employment manual, without more, does not create a property right in employment. *Manning v. Upjohn Co.,* 862 F.2d 545, 547 n. 2 (5th Cir.1989); *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.).

■ Moreno, on the other hand, did not comply with the Court's instruction. She instead filed, without requesting leave to do so, a second amended complaint, attaching the "Webb County Personnel Policies and Procedures Manual." The amended complaint alleges three new state claims and a new federal claim—that Moreno's termination "impugned her integrity without a hearing after due request [which] deprived Plaintiff of a liberty interest" in violation of the Fourteenth Amendment. Putting aside the fact that leave to file the second amended complaint was not granted, Moreno fails to identify any provision of the employment manual creating a property interest in her employment, nor can the Court identify such a provision. Moreover, the amended pleading fails to even allege the basic elements of a liberty interest claim.[1] And finally, no factor—judicial economy, convenience, fairness, or comity—points in favor of retaining jurisdiction over the state claims. *See Parker & Parsley Petroleum v. Dresser Industries,* 972 F.2d 580 (5th Cir.1992).

The Court concludes that Plaintiff Moreno was an at-will employee under Texas law and that the employment manual did not create a property right protected by the due process clause. Therefore, Defendant's second Motion for Summary Judgment will be granted. Leave to file the Second Amended Original Complaint is DENIED as Plaintiff fails to allege a valid federal claim for deprivation of a liberty interest.

---

1. The basic elements are: 1) the absence of a meaningful pre-firing, public hearing; 2) that defamatory charges were made public; 3) that she requested a hearing in which to clear her name; 4) that the request was denied; or 5) that her employment opportunities were damaged. *See Rosenstein v. City of Dallas, Tex.,* 876 F.2d 392, 396 (5th Cir.1989), *affirmed* in pertinent part after rehearing en banc, 901 F.2d 61 (5th Cir.1990).

Accordingly, Barrera's second motion for summary judgment will be GRANTED and this case will be DISMISSED.

### MEMORANDUM AND ORDER ON MOTION TO RECONSIDER

 Pending is Plaintiff, Marina Moreno's ("Moreno") Motion to Reconsider Motion for Summary Judgment, or in the alternative Motion for New Trial. Final Judgment was entered on December 23, 1994. The pending motion was not filed until January 20, 1995. A motion for new trial or to amend a judgment must be made within ten days. FED. R.CIV.P. 59(b) and (e). This deadline is "mandatory and jurisdictional." *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir.1991). For that reason alone, the motion must be and is DENIED.

Even were the pending motion timely, it would be without merit. Moreno argues that the *Webb County Personnel Policies and Procedures Manual* ("manual") is a contract creating a property interest in employment in that § 9.4 specifies "just causes" for termination. Moreno also argues that the manual is binding as between Defendant Barrera and her employees, if not under *Garcia v. Reeves County, Texas*, 32 F.3d 200 (5th Cir.1994), then because Barrera "ratified, confirmed and adopted" the manual by referring to it in Moreno's letter of termination.

The manual, created by the Commissioners Court, does not abrogate the at-will status of Moreno. First, the manual is not an employment contract which creates a property interest in employment. By its own terms, the manual is subject to unilateral revision from "time to time" by resolution of the Commissioners Court. (Manual, § 1.4). Under *Reynolds Mfg. v. Mendoza*, 644 S.W.2d 536 (Tex.App.—Corpus Christi 1982, no writ) and its progeny, a manual that can be unilaterally amended or withdrawn does not create the kind of reciprocal agreement dealing with discharge procedures which can change the status of an at-will employee under Texas law. *Joachim v. AT & T Information Systems*, 793 F.2d 113, 114 (5th Cir.1986). Even if the manual were such an agreement, under *Garcia* the County Commissioners have no authority to change the status of the employees of an elected official from at-will to just-cause by issuing a manual. *Garcia* at 203.