**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 01-40550

(Summary Calendar)

—————————

ALFY LEVINE MAYES,

Plaintiff - Appellant,

versus

GALVESTON COUNTY JUVENILE DETENTION CENTER; ET
AL,

Defendants,

GALVESTON COUNTY JUVENILE PROBATION
DEPARTMENT; GALVESTON COUNTY,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
G-96-CV-301

March 1, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[*]:

Alfy Levine Mayes appeals the final judgment against him in his civil rights suit against Galveston County. Mayes worked as a guard at the Galveston County Juvenile Detention Center. He was away from his post when two juveniles escaped from the facility, and the county terminated his employment. Mayes received a right to sue letter from the EEOC and commenced this suit in district court. Mayes's *pro se* complaint alleges a number of claims: racial discrimination in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983; retaliation for the exercise of his First Amendment rights in violation of § 1983; deprivation of due process; and state tort law claims.

The parties consented to trial before a magistrate judge. The judge initially granted summary judgment on all claims to the defendants (hereinafter "Galveston County"). After the judge's initial order granting summary judgment, the United States Supreme Court announced its decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), which clarified the standards for summary judgment in Title VII cases. In light of *Reeves* and additional evidence submitted by Mayes after the summary judgment order, the magistrate judge reversed in part his earlier decision and permitted Mayes to take the racial discrimination claims only to the jury. After a trial, the jury found that race was not a substantial motivating factor in Galveston County's decision to terminate Mayes. Mayes now appeals the jury's verdict and the summary judgment against him.

We interpret the briefs of pro se litigants liberally. *E.g.*, *Grant v. Cuellar*, 59 F.3d 523, 524 & n.3 (5th Cir. 1995). Much of Mayes's pro se brief is devoted to a factual exposition of the case. He appears to challenge the jury's factual conclusion that race was not a substantial factor in

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Galveston County's decision to fire him.

Any challenge to the jury's verdict as unsupported by the evidence is precluded by the fact that Mayes did not move for a judgment as a matter of law at the close of all the evidence. A FED. R. CIV. P. 50 motion is a prerequisite to challenging the sufficiency of the evidence on appeal. *Burns v. Texas City Refining, Inc.*, 890 F.2d 747, 749 n.1 (5th Cir. 1989) ("A motion construable as a directed verdict at the close of the evidence by the party seeking review is a prerequisite to presenting a claim of insufficient evidence to the appellate courts.").

Moreover, Mayes's failure to produce a transcript of the trial as required by FED. R. APP. P. 10(b)(2) prevents us from upsetting the jury's verdict.[1] Rule 10(b)(2) provides that if the "appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Galveston County correctly points out that failure to provide a transcript on appeal can form the basis for the dismissal of the entire appeal. *See* FED. R. APP. P. 3(a)(2) (stating that an appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but may result in dismissal of the appeal or other action deemed by the Court of Appeals to be appropriate); *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990) ("The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal."). Here, given the litigant's pro se status and financial difficulties in obtaining the transcript, we decline to exercise our discretion to dismiss the entire appeal. *Coats v. Pierre*, 890 F.2d 728, 731 (5th

---

[1]We deny Mayes's motion for transcripts at the government's expense. Mayes has not been given leave to proceed in forma pauperis under 28 U.S.C. § 1915, and pauper status is a statutory prerequisite to obtaining transcripts at government expense. *See* 28 U.S.C. § 753(f) (allowing "persons permitted to appeal in forma pauperis" to obtain transcripts at government expense).

Cir.1989) (noting that the Court of Appeals has discretion in fashioning a response to the failure to include the transcript on appeal, and that dismissing the entire appeal is a drastic remedy to which we should rarely resort.) We nevertheless will not review any claims that depend on the sufficiency of the evidence adduced at trial. Without the trial transcripts, we have no basis for inquiring into whether the evidence supported jury's verdict. We also have no basis on which to evaluate Mayes's generalized claims that the trial judge made incorrect evidentiary rulings or inappropriate comments to the jury.

Mayes also contends that the trial court erred in instructing the jury only on the Title VII claim, but not on the § 1981 and § 1983 racial discrimination claims. Assuming *arguendo* that the trial judge incorrectly instructed the jury, any such error is harmless. The jury found that Galveston County did not discriminate against Mayes on the basis of his race. This factual finding precludes relief under sections 1981 and 1983 just as it precludes relief under Title VII.

Mayes also challenges the summary judgment entered against him on the claims other than racial discrimination. We review a grant of summary judgment *de novo*, applying the same standard as the district court. *E.g.*, *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001). As such, Mayes's failure to provide a transcript of the trial evidence does not in any way hinder our ability to review the summary judgment order. We review the summary judgment order only on the basis of the summary judgment record, all of which is part of the record on appeal. The trial transcript is simply not relevant to our review of this order, as the district court would not and could not have considered trial evidence at the time it rendered its summary judgment decision.

Mayes claims that the County violated his rights under the First Amendment by retaliating against him for speaking out about practices at the Juvenile Detention Center that violated the Fair

Labor Standards Act (FLSA). Mayes questioned the county's practice of requiring guards to attend staff meetings, without pay, on their days off. As a result of a Department of Labor investigation, Galveston County was found in violation of the FLSA and required to pay back wages. Mayes submitted an affidavit in which he said that, after he complained about the FLSA violations, he felt like he had a "big bull's eye" on his back. Moreover, one letter to Mayes from the facility's superintendent, Richard Gayden, accused Mayes of being "more concerned with challenging rules or procedures rather than conforming to them." Mayes argues that he presented sufficient evidence to create a genuine issue as to whether his complaints about FLSA violations lead to his discharge, in violation of the First Amendment.

Mayes's First Amendment claim fails because his complaints about the FLSA do not touch on a matter of public concern. In *Connick v. Myers*, 461 U.S. 138, 147 (1983), the Supreme Court held that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest," the First Amendment does not prohibit the public employer from firing the employee for speech. An employee speaks on a matter of public concern when his speech addresses "any matter of political, social, or other concern to the community." *Id.* Here, Mayes was speaking as an employee, not as a citizen. His complaint was that he was not being paid for short, mandatory staff meetings. This complaint is of concern only to the employees of the detention center, not to the community in general. The complaint does not concern, for example, the conditions of confinement at the center or the danger of escape or any other matter in which the public at large might have some interest. Mayes avers that he was not just looking out for his own best interest, but also for the interests of all the employees. But Mayes was nevertheless speaking as an employee, about matters of interest only to employees, and not as a citizen on a

-5-

political or social issue of interest to the community. As such, the district court correctly granted summary judgment to Galveston County on this claim.

We note that the FLSA itself provides a cause of action when an employer retaliates against an employee for filing a FLSA grievance. 29 U.S.C. § 215(a)(3); 29 U.S.C. § 216. But Mayes never sought relief under these sections. He filed a "clarification" with the trial court insisting that he did not rely on the FLSA for any of his claims. The trial court in its summary judgment motion and Mayes in his brief on appeal discuss retaliation only in terms of the First Amendment.

Mayes argues that he was deprived of "property . . . without due process of law" in violation of the Fourteenth Amendment because he was not given a hearing before being fired and because the policy he violated was not adequately publicized. As an at-will employee, Mayes had no property interest in his job. *Garcia v. Reeves County*, 32 F.3d 200, 203 (5th Cir. 1994) ("To prevail on a claim of deprivation of employment without due process of law, plaintiff must show that he had a cognizable property interest in his continued employment and that the process he was afforded was insufficient to protect that interest."). Because Mayes never had a property interest in his job, the due process clause does not apply to the county's decision to fire him.

The trial court also correctly held that Mayes's state law claims (principally that the county was "negligent" in firing him) are not cognizable under state law.

We therefore AFFIRM the judgment of the district court and DENY Mayes's motion for transcripts at government expense.