# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

---

No. 02-30489

(Summary Calendar)

---

THOMAS R COOK; LAURA ENDSLEY; ANDREW KELLY; TILLMAN BROWN, JR.; BENNIE WILSON; COLUMBUS GRAY; MALESSIA HILL; DANNY BRIDGES; WILLIAM M WATTS; MARK COY; JACKIE KINDRIX; LENNIE KING; JAMES CARTER; RONALD BLAKENEY; TOMMY BOLDING; BARBARA HOGARD EVANS; CLARENCE BRITTON; DONALD GENE DUNCAN; JAMES R SHAW,

                              Plaintiffs-Appellants-Cross-Appellees,

versus

RICHARD L FEWELL, SR,

                              Defendant-Appellee-Cross-Appellant.

---

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 00-CV-2694

---

March 10, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The nineteen plaintiffs-appellants appeal the summary-judgment dismissal of their 42 U.S.C. § 1983 complaint against Richard L. Fewell, Sr. ("Fewell"), the Ouachita Parish Sheriff. In their complaint, the plaintiffs-appellants have alleged that, in retribution for their political support for Fewell's opponent, former Sheriff Charles L. Cook, in the 1999-2000 sheriff's race, Fewell drastically demoted them in rank and/or pay or transferred them to less desirable positions.

Plaintiffs-appellants Thomas R. Cook, Tillman Brown, Laura Endsley, and Clarence Britton have failed to address the district court's finding that they held policy-making or confidential positions and its conclusion that the Government's interest in the efficient administration of the Sheriff's Office outweighs their free speech rights. Rather, they aver that the evidence showed that they were demoted or transferred because they supported Cook in the sheriff's race. Because Cook, Brown, Endsley, and Britton have failed to address the district court's basis for dismissing their claims, they have abandoned the issue on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The remaining fifteen plaintiffs-appellants have failed to raise a genuine issue of material fact as to whether their political support of Cook was a substantial "motivating factor" behind Fewell's decisions to demote them or reduce their pay. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); FED. R. CIV. P. 56. As evidence of Fewell's political retribution, these plaintiffs-appellants merely point to a scrapbook kept by Fewell containing numerous political ads, as well as to a letter sent by Fewell to all sheriff's deputies in advance of the sheriff's race informing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

the deputies that he is a candidate, asking the deputies for their vote, and advising each of the deputies not to be "intimidated into making a mistake that you will regret in the next four years."[1]

All other evidence relied upon by the plaintiffs-appellants to show Fewell's political motivation is based upon hearsay, rumor, innuendo, and conjecture. Such evidence is insufficient to overcome the summary judgment hurdle. *See Garcia v. Reeves County*, 32 F.3d 200, 204 (5th Cir. 1994).

The plaintiffs-appellants complain that Fewell's proffered reasons for the employment actions – budgetary concerns and departmental restructuring – are pretextual. Because the plaintiffs-appellants have failed to raise a genuine issue of material fact as to whether their protected conduct was a substantial motivating factor in Fewell's employment actions, we need not address whether Fewell's stated reasons for his employment actions are pretextual.[2]

For above reasons, we AFFIRM the district court's judgment dismissing the plaintiffs-appellants' § 1983 complaint against Fewell.

In his cross appeal, Fewell argues that the district abused its discretion in failing to award him costs as the prevailing party under FED. R. CIV. P. 54(d)(1). The district court ordered the parties to bear their own costs, but did not state in its judgment its reasons for doing so.

Under Rule 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the

---

[1]  Read in context, this statement from Fewell's letter can hardly be construed as evidence of Fewell's retaliatory animus. The letter expresses Fewell's assurance that he "will not terminate any deputies for political reasons like Chuck Cook did," that he had made no employment decisions yet, and that, unlike Cook, he would not require employees to sign affidavits revealing who they voted for, since "what lever you pull is your perogative [sic] and no one else's business."

[2] Under *Mt. Healthy*, the inquiry into whether an employer's stated reasons for an employment action are pretextual is triggered only if the employee first shows that the protected conduct was a substantial motivating factor in the employment action. *See Mt. Healthy*, 429 U.S. at 287.

prevailing party unless the court otherwise directs." Although Rule 54(d)(1) "permits the court to exercise its discretion and withhold an award of costs to the prevailing party," the district court is required to state its reasons so that we can review the district court's decision. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992); *see also Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216-17 (5th Cir. 1991) (remanding the matter to the trial court so that it may state its reasons for ordering the prevailing appellee to share costs with the non-prevailing appellant). Because the district court did not explain why it ordered the parties to bear their own costs, we REMAND this matter for the limited purpose of providing the district court with an opportunity to state its reasons.[3]

AFFIRMED; LIMITED REMAND FOR REASONS ON COSTS.

---

[3] Fewell additionally argues that the appeal brought on behalf of Cook, Endsley, and Brown is frivolous, and that we should award him costs, penalties, and attorney's fees pursuant to FED. R. APP. P. 38. We decline Fewell's request, since it has not been made in a separately filed motion, as is required by FED. R. APP. P. 38.