# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-30524

ELIZABETH RUTHERFORD; DONNA LIMA; REBECCA SHEPLER;
HAROLD BURNS; MARVELLE DAUTERIVE; JIM QUAID

Plaintiffs-Appellants

v.

EDMOND J MUNIZ; CITY OF KENNER

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-10702

Before JONES, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Through this Federal Rule of Civil Procedure 54(b) interlocutory appeal, Appellants, former City of Kenner employees, challenge the adverse summary judgment awarded against their patronage-dismissal claims. At issue is whether a genuine issue of material fact exists on whether they were terminated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from their employment in retaliation for their political support of the City's previous mayor. AFFIRMED and REMANDED.

I.

Appellants were employed by the City, while Phil Capitano was its mayor; they supported him during his reelection campaign. Edward J. Muniz won that election, however. He terminated Appellants' employment when he took office.

Appellants filed this action, alleging, inter alia, that Mayor Muniz: determined, prior to taking office, which employees did not support his campaign; and terminated Appellants' employment because they supported former-mayor Capitano. Among other claims, Appellants asserted their terminations were "patronage dismissals", violating their constitutional rights to support a political candidate via discourse and campaigning.

After a hearing, the district court, from the bench, granted summary judgment against the patronage-dismissal claims, concluding Appellants failed to raise a genuine issue of material fact on whether their terminations were in retaliation for their political activity. Final judgment for those claims was entered pursuant to Rule 54(b). (The patronage-dismissal claims are the only claims dismissed pursuant to the Rule 54(b) final judgment and properly raised in this interlocutory appeal; accordingly, only those claims are addressed here.)

II.

A summary judgment is reviewed de novo, applying the same standard as did the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Such judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The first prong of this two-part test is in issue.

"We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists, however, if, based on the summary-judgment evidence, no reasonable juror could find for the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007).

Appellants maintain the summary judgment against their patronage-dismissal claims was improper because: they had no opportunity for discovery; and, in the alternative, a genuine issue of material fact exists on whether they were terminated for supporting the former mayor. These contentions are without merit, as discussed below.

A.

Appellants first maintain summary judgment was improper because it was granted before they conducted discovery. Assuming they did not conduct discovery (Appellants, however, conceded at oral argument here that they did conduct some discovery), they complained of their lack of discovery at the summary-judgment hearing. This notwithstanding, for the following reasons, the judgment was not premature.

Upon a summary-judgment movant's showing the absence of a genuine issue of material fact, a nonmovant bears the burden of showing such an issue for trial. E.g., Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 163-64 (5th Cir. 2006). A district court can deny summary judgment or order a continuance for discovery, under Rule 56(f), if the nonmovant shows by affidavit it cannot yet present facts essential to justify its opposition to summary judgment. FED. R. CIV. P. 56(f); see Adams, 465 F.3d at 162. "A non-movant seeking relief under

3

Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." Adams, 465 F.3d at 162.

Appellants' opposition to summary judgment will be assumed to include their seeking discovery. Nevertheless, as the district court stated at the summary-judgment hearing, "[Appellants did not supply] anything under [Rule] 56(f) that would suggest that these terminations were based on . . . impermissible constitutional grounds". As such, Appellants did not meet their burden. See id. ("A party 'cannot evade summary judgment simply by arguing that additional discovery is needed,' and may not 'simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" (footnotes omitted)). Accordingly, the district court did not abuse its discretion in not denying summary judgment due to Appellants' asserted lack of discovery.

B.

In the alternative, Appellants contend summary judgment was improper because their summary-judgment evidence raises a genuine issue of material fact on Mayor Muniz' motive for terminating their employment. They failed, however, to produce such evidence.

"[T]ermination of employees for political reasons is presumptively violative of the First Amendment". Correa v. Fischer, 982 F.2d 931, 933 (5th Cir. 1993). Along this line, "an essential element to the plaintiffs' case is demonstrating that the termination was politically motivated". Id. (citations omitted). "Prima facie proof of a constitutional violation must include evidence of impermissible motive." Tanner v. McCall, 625 F.2d 1183, 1193 (5th Cir. 1980) (citations omitted). In sum, to survive summary judgment, Appellants were required to produce sufficient evidence to create a genuine issue of material fact on whether

their terminations were motivated by an intent to retaliate against them for their political support of the former mayor. See id.

Appellants rely on affidavits they contend prove "the reasons given to justify termination of the [Appellants] were merely pretext". Even assuming the affidavits establish Defendants' reasons for Appellants' terminations are false, that is insufficient to create a genuine issue of material fact concerning political motivation. See Dudley v. Angel, 209 F.3d 460, 463 n.5 (5th Cir. 2000) (stating whether plaintiff was terminated for the reason provided by defendant "might present a disputed fact, but it is not material to a claim of a constitutionally infirm motive"); see also Tanner, 625 F.2d at 1193-94 (explaining plaintiff's burden on constitutional-retaliation claim is not met by disproving common reasons for termination).

Pursuant to our de novo review of the summary-judgment record, and as the district court stated, "[Appellants presented no evidence to] suggest that these terminations were based on . . . impermissible constitutional grounds". Accordingly, no genuine issue of material fact exists on whether their terminations were motivated by political retaliation. See Garcia v. Reeves County, Tex., 32 F.3d 200, 204 (5th Cir. 1994) (holding "plaintiffs cannot establish a fact dispute simply by proving up a contested political race and subsequent firings").

In this regard, Appellants contend summary judgment is improper because motive is at issue. It goes without saying that a disputed motive, alone, does not make summary judgment improper; there must be a genuine issue of material fact. See, e.g., Idoux v. Lamar Univ. Sys., No. 93-5163, 1994 WL 558880, at *3 n.9 (5th Cir. 28 Sept. 1994) (per curiam) (unpublished) ("While motivation is a

question of fact, it does not preclude summary judgment unless there is a genuine issue of material fact." (citations omitted)).

Finally, in the light of the above-described absence of a genuine issue of material fact, we need not reach whether Appellants held "confidential" or "policymaking" positions not entitled to First Amendment protection. See Aucoin v. Haney, 306 F.3d 268, 272-73 (5th Cir. 2002) (citing Branti v. Finkel, 445 U.S. 507 (1980); Elrod v. Burns, 427 U.S. 347 (1976)).

### III.

For the foregoing reasons, the judgment is AFFIRMED and this matter is REMANDED to district court for further proceedings on any remaining claims.