August 28, 2008

The Honorable Bill Burnett
San Jacinto County Criminal District Attorney
#1 State Highway 150, Room 21
Coldspring, Texas 77331-0430

Opinion No. GA-0656

Re: Whether a county policy prohibiting the rehire of an individual within one year after terminating an employment relationship with the county applies to the hiring of a deputy constable (RQ-0681-GA)

Dear Mr. Burnett:

You explain that the San Jacinto County Commissioners Court has adopted a policy that generally prohibits the rehiring of an individual who has terminated an employment relationship with the county for a period of one year following the termination:

> When an employee terminates from San Jacinto County, the employee is not eligible for rehire for a period of one year, unless the employee was classified as a part-time employee and rehired as a full [-]time employee.[1]

You ask whether this policy may be applied to restrict a county constable's hiring of a deputy constable who, within one year prior to being hired by the constable, terminated a full-time position with another county department. *See* Request Letter, *supra* note 1, at 1.

The powers of both a county commissioners court and a constable are limited. A county commissioners court's powers encompass only those expressly delegated to the commissioners court by the Texas Constitution or statutes and those necessarily implied therefrom. *See* TEX. CONST. art. V, § 18(b) (providing that a commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed"); *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941); *Hooten v. Enriquez*, 863 S.W.2d 522, 529 (Tex. Civ. App.—El

---

[1]Letter from Honorable Bill Burnett, San Jacinto County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Feb. 21, 2008) (footnote added) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter] (quoting San Jacinto County Policy on Termination no. 3 (attached to Request Letter)).

Paso 1993, no writ); *Renfro v. Shropshire*, 566 S.W.2d 688, 690 (Tex. Civ. App.—Eastland 1978, writ ref'd n.r.e); *see also Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 334 (Tex. 1961) (finding that, although a commissioners court is not "expressly clothed with constitutional or statutory authority to contract for" certain services, it has authority that may be implied "from the powers that have been expressly granted to and the duties imposed upon this body by law"). Likewise, a constable, who holds an elected, constitutional office, is limited to those powers expressly conferred by or necessarily implied from the constitution and statutes. *See Crosthwait v. State*, 138 S.W.2d 1060, 1061 (Tex. 1940) (stating that an "officer must look to the Act by which his office is created . . . to ascertain the extent of his powers"); Tex. Att'y Gen. Op. No. JC-0239 (2000) at 2 (stating that a county officer is limited to those powers expressly conferred by or necessarily implied from statutes).

Both a county commissioners court and an elected district, county, or precinct officer play a role in the officer's hiring of an employee. The commissioners court's role is grounded in its jurisdiction over the county's budget. *See Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, pet. denied) (noting that a commissioners court's authority over the positions in the sheriff's office stems from its budgetary power). Thus, in general, when a district, county, or precinct officer "requires the services of deputies, assistants, or clerks in the performance of the officer's duties," the officer must "apply to the commissioners court . . . for the authority to appoint the employees." TEX. LOC. GOV'T CODE ANN. § 151.001(a) (Vernon 2008). After receiving such an application, the commissioners court "shall determine the number of employees that" the officer may appoint and "shall authorize their appointment." *Id.* § 151.002. Section 86.011(a) of the Local Government Code provides similarly with respect to a constable's appointment of deputy constables:

> An elected constable who desires to appoint a deputy must apply in writing to the commissioners court of the county and show that it is necessary to appoint a deputy in order to properly handle the business of the constable's office that originates in the constable's precinct. The application must state the name of the proposed deputy. The commissioners court shall approve and confirm the appointment of the deputy only if the commissioners court determines that the constable needs a deputy to handle the business originating in the precinct.

*Id.* § 86.011(a); *see State v. Johnson*, 52 S.W.2d 110, 111 (Tex. Civ. App.—San Antonio 1932, writ dism'd w.o.j.) (explaining that the Legislature's adoption of amendments to the statutory predecessor to section 86.011 "left intact" the statutory predecessor to sections 151.001 through 151.004). The commissioners court may later reconsider the number of positions in a particular department during the annual budget process. Tex. Att'y Gen. Op. No. JC-0239 (2000) at 2. And the commissioners court bears "sole authority to 'set the amount of the compensation, office and travel expenses, and all other allowances for . . . employees who are paid wholly from county funds.'" Tex. Att'y Gen. Op. No. JC-0239 (2000) at 2 (quoting TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999)).

An elected officer's role—which the Beaumont court of appeals has described as encompassing "a broad discretion in the selection of their staff and their employees"—is based on the officer's responsibility to perform the constitutional and statutory duties assigned to the officer. *Williams v. Bagley*, 875 S.W.2d 808, 811 (Tex. App.—Beaumont 1994, no writ); *see also Abbott*, 946 S.W.2d at 517 ("The limitations on the powers of the [c]ommissioners [c]ourt are founded in the policy that elected officers, such as sheriffs, discharge the public trust and carry the responsibility for the proper discharge of that trust, and therefore, should be free to select persons of their own choice to assist them."). "In Texas, an elected officer occupies a sphere of authority, which is delegated to that officer by the Constitution and laws, [with] which another officer may not interfere . . . or usurp." *Abbott*, 946 S.W.2d at 517. Accordingly, when a commissioners court has approved an elected officer's application to appoint certain positions, it is the elected county officer who may appoint the employees. TEX. LOC. GOV'T CODE ANN. § 151.003 (Vernon 2008). Moreover, a commissioners court is expressly prohibited from attempting "to influence the appointment of any person to an employee position authorized by the court." *Id.* § 151.004. And, although Local Government Code section 86.011 specifically requires a constable to list the name of a proposed deputy in an application to the commissioners court, it does not give the commissioners court authority to influence the appointment of a particular individual or to refuse the constable's application based upon the court's objection to the proposed deputy named in the application. *See id.* § 86.011(a).

Thus, the Fourteenth District Court of Appeals determined in 1991 that "[a]ppointment of deputy constables is within the exclusive control of the Constable." *Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1991, no writ). The commissioners court, even by virtue of its powers over the county budget, "has no authority . . . to appoint or terminate a deputy constable." *Id.*; *see also* Tex. Att'y Gen. Op. No. O-7081 (1946) at 7 (stating that, under section 86.011's statutory predecessors, "[t]he constable makes the appointment [of a deputy constable] and is the only person who can discharge" the deputy constable); *cf. Abbott*, 946 S.W.2d at 517 (stating that a commissioners court has no authority to appoint or terminate a sheriff's office employee or to dictate the terms of employment of a sheriff's employee); *Renfro v. Shropshire*, 566 S.W.2d 688, 692 (Tex. Civ. App.—Eastland 1978, writ ref'd n.r.e.) (stating that a commissioners court lacks authority "to screen applicants or to veto appointments made by the county clerk").

Courts and this office repeatedly have determined that county-wide policies that would impinge upon an elected officer's authority to appoint and fire individuals of the officer's choosing do not apply to the officer. For example in 1994 the United States Court of Appeals for the Fifth Circuit, construing Texas law, determined that a commissioners court had no authority to adopt a policy allowing elected county officials (other than commissioners) to terminate employees only for just cause. *See Garcia v. Reeves County*, 32 F.3d 200, 203 (5th Cir. 1994). And this office concluded in 1986 that a county policy prohibiting county employees from running for office in a partisan election did not apply to the employees of elected officers who did not sit on the commissioners court. *See* Tex. Att'y Gen. Op. No. JM-521 (1986) at 3. As the 1986 opinion states:

> The commissioners court has no power to interfere in the
> hiring decisions made by other county officers; therefore, it may not

require those county officers to terminate an employee who becomes a candidate for partisan political office. This policy does not affect the employment decisions of elected constitutional officers other than members of the commissioners court.

*Id.*

Although neither a court nor this office previously has considered whether a policy prohibiting the rehiring of an employee for a period of one year can be applied to an elected district, county, or precinct officer other than a county commissioner, such as a constable, we believe the answer is clear: such a policy impinges upon the constable's authority to appoint individuals of the constable's choosing. Accordingly, the San Jacinto County policy at issue here cannot be applied to bar a constable from appointing a deputy who has terminated a full-time employment relationship with the county within the past year.[2]

---

[2]You suggest that our conclusion may affect policies adopted by some counties "requiring drug screening as a prerequisite for employment and [requiring] a criminal history check for positions requiring the use of computers, access to master keys, or other sensitive positions." Request Letter, *supra* note 1, at 2. This opinion considers only the policy you describe that prohibits the rehire of a former county employee for one year following the employee's separation from employment. *See id.* at 1. We do not address the validity of any other policy.

## S U M M A R Y

A county policy adopted by the commissioners court that prohibits the rehire of an individual whose employment relationship with the county terminated within the past year does not apply to a constable.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee