Bill ABBOTT, J.M. Bonnet, Karen Johnson, Larry Krueger, Sylvia Morin, Kay Pearson, Pat Wall, Conrad Whitacre, and Dennis Wilie, Appellants,

v.

Sheriff Joe POLLOCK, Individually and in his capacity as Sheriff of Burnet County, Texas, and Burnet County, Texas, by and through its elected officials of the Commissioner's Court, Appellees.

No. 03–96–00149–CV.

Court of Appeals of Texas, Austin.

May 15, 1997.

Rehearing Overruled July 3, 1997.

Zollie C. Steakley, Steakley & Wetsel, Sweetwater, for Appellants.

Douglas M. Becker, Gray & Becker, Austin, for Appellees.

Before POWERS, ABOUSSIE and JONES, JJ.

ABOUSSIE, Justice.

Appellants Bill Abbott, J.M. Bonnet, Karen Johnson, Larry Krueger, Sylvia Morin, Kay Pearson, Pat Wall, Conrad Whitacre, and Dennis Wilie appeal a trial court's judgment granting summary judgment in favor of appellees Sheriff Joe Pollock and Burnet County, and denying partial summary judgment in favor of appellants. Appellants raise four points of error challenging the trial court's granting of summary judgment in appellees' favor and denying partial summary judgment for appellants. In three points of error, appellants contend the trial court erred in granting appellees' motion for summary judgment because appellees were not entitled to judgment as a matter of law and because there are genuine issues of material fact. In their fourth point of error, appellants assert that the trial court erred by denying appellants' motion for partial summary judgment on their breach of contract claim. We will affirm the trial court's judgment.

## BACKGROUND

Appellants are former employees of the Burnet County Sheriff's Department and served the department under former Sheriff Weldon Buck. Appellants Abbott, Bonnet, Krueger, Wilie, Conrad, and Wall were deputies while appellants Johnson, Morin, and Pearson served as clerical personnel. Appellee Sheriff Joe Pollock was elected sheriff of Burnet County and took office on January 1, 1993. As sheriff-elect, Pollock informed Sheriff Buck's employees that anyone who desired to be considered for employment in his administration should submit an application. Upon taking office, Sheriff Pollock

hired several of former Sheriff Buck's employees, but did not rehire appellants.[1]

Appellants filed suit against Sheriff Pollock and Burnet County claiming they breached an employment contract that existed between appellants and Burnet County. Appellants assert that the Burnet County Personnel Policies (the "Personnel Policies") adopted by the County Commissioners Court created an employment contract. Appellants brought additional causes of action for defamation, tortious interference with a contract, and negligent misrepresentation. Appellees moved for summary judgment on all of appellants' causes of action, and appellants moved for partial summary judgment on their breach of contract claim. The trial court granted summary judgment in favor of appellees and denied partial summary judgment for appellants. Appellants raise four points of error on appeal.

## DISCUSSION

Appellants contend the trial court erred (1) by granting appellees' motion for summary judgment because appellees were not entitled to summary judgment as a matter of law and because there are genuine issues of material fact and (2) by denying appellants' motion for partial summary judgment on their breach of contract claim. We will review the granting of summary judgment individually as to each of appellants' claims against appellees.

There are two instances in which summary judgment for a defendant is proper: first, when a plaintiff's allegation fails to state a cause of action as a matter of law, *Maranatha Temple, Inc. v. Enterprise Products Co.,* 893 S.W.2d 92, 98 (Tex.App.—Houston [1st Dist.] 1994, writ denied), and second, when the defendant has produced competent evidence negating a necessary element of the plaintiff's cause of action or establishing all elements of its defense as a matter of law. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex. 1996); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The standards for reviewing a motion for summary judg-

ment are well established: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## Breach of Contract

■ Appellants contend a valid employment contract existed between appellants and appellees and that appellees breached that contract when appellants were not re-hired by Sheriff Pollock after he took office. Texas is an employment-at-will state, and the general rule is that employment for an indefinite term may be terminated at will and without cause by either party. *East Line & R.R.. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888); *Cote v. Rivera,* 894 S.W.2d 536, 539 (Tex.App.—Austin 1995, no writ). Chapter 85 of the Texas Local Government Code reaffirmed in statutory form Texas' at-will employment rule, granting sheriffs and other elected county officials authority to hire and fire their employees. *See* Tex. Loc. Gov't Code Ann. §§ 85.001–.006 (West 1988 & Supp.1997); *Cote,* 894 S.W.2d at 539; *Renken v. Harris County,* 808 S.W.2d 222, 225 (Tex.App.—Houston [14th Dist.] 1991, no writ). Section 85.003 unequivocally states that deputy sheriffs "serve *at the pleasure of the sheriff.*" Tex. Loc. Gov't Code Ann. § 85.003(c) (West 1988) (emphasis added).

■ While section 85.003 clearly applies to deputies, the Fifth Circuit has interpreted it to include other sheriff's office employees as well.[2] *See Garcia v. Reeves County, Tex.,* 32 F.3d 200, 203 (5th Cir.1994). We agree with the Fifth Circuit's interpretation and hold that section 85.003 applies to both sheriff's

---

**1.** Additional members of Sheriff Buck's staff were not rehired; however, those individuals are not parties to this suit.

**2.** Many wrongful termination cases that discuss at-will employment arise in federal court. While these cases are not binding authority, we find them helpful in our interpretation.

deputies and other employees of the sheriff's office.

Section 85.003 does not specify a definite term of employment for sheriff's employees. *See* Tex. Loc. Gov't Code Ann. § 85.003 (West 1988). One court of appeals has held that the term of a sheriff's office employee expires when the sheriff's term expires. *See El Paso County Sheriff's Deputies Ass'n, Inc., v. Samaniego*, 802 S.W.2d 727, 728 (Tex.App.—El Paso 1990, writ denied). And the expiration of the term is brought about by the passage of time, without any action on the part of the sheriff. *Id.* If a term of service is indefinite and has no contractual limitation, either party may terminate the employment at will and without cause. *Mott v. Montgomery County*, 882 S.W.2d 635, 637 (Tex.App.—Beaumont 1994, writ denied); *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536, 538 (Tex.App.—Corpus Christi 1982, no writ). Furthermore, the plain meaning of section 85.003 is that employees of the sheriff's office may be terminated at the sheriff's discretion and do not have a property interest in continued employment. *Williams v. Bagley*, 875 S.W.2d 808, 811 (Tex.App.—Beaumont 1994, no writ). Therefore, section 85.003 created an at-will employment relationship for the sheriff's office employees, and appellants had no legitimate expectation of continued employment under the statute.

Appellants argue, however, that their at-will employment status was altered by the Personnel Policies, adopted by the Commissioners Court and by oral statements allegedly made to them by County Judge Martin McLean, former Sheriff Buck, and the former county attorney, Eddie Shell ("County Officials" collectively). Appellees counter that the Commissioners Court had no authority to alter the at-will employment relationship.

In Texas, an elected officer occupies a sphere of authority, which is delegated to that officer by the Constitution and laws, which another officer may not interfere with or usurp. *Pritchard & Abbott v. McKenna*, 162 Tex. 617, 350 S.W.2d 333, 335 (1961); *Renken*, 808 S.W.2d at 226. The Commissioners Court is the governing body of Bur-

net County and exercises only those powers expressly conferred by the Texas Constitution or statutes or those powers necessarily implied from those expressly conferred. *See Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); *Renfro v. Shropshire*, 566 S.W.2d 688, 690 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). The Commissioners Court exercises budgetary power over the positions in the sheriff's office by determining the number of deputies, assistants, and clerks to be appointed by the sheriff and to set the compensation for such employees. *See* Tex. Loc. Gov't Code Ann. §§ 151.002 (West 1988) & 152.011 (West 1988 & Supp.1997). It has no power, however, to appoint or terminate a sheriff's office employee or to dictate other terms of their employment. *See* Tex. Loc. Gov't Code Ann. § 151.004 (West 1988); *Renken*, 808 S.W.2d at 226.

The limitations on the powers of the Commissioners Court are founded in the policy that elected officers, such as sheriffs, discharge the public trust and carry the responsibility for the proper discharge of that trust, and therefore, should be free to select persons of their own choice to assist them. *Renfro*, 566 S.W.2d at 691. The Legislature limited the Commissioners Court's authority by expressly providing that sheriffs' employees serve at the pleasure of the sheriff and thereby providing sheriffs with exclusive authority regarding the employment status of the sheriff's employees. *See* Tex. Loc. Gov't Code Ann. §§ 85.003 & 151.004. The Commissioners Court could not, through the adoption of Personnel Policies, change appellants' employment status from at-will to just-cause or assume any legal duty for the appointment or discharge of the sheriff's employees. *See Garcia*, 32 F.3d at 203.

As for appellants' claims that County Officials told them they could not be terminated except for good cause, it is undisputed that none of these individuals were acting under authority granted to them by Sheriff Pollock. Without the authority to act on behalf of the sheriff, other county employees may not, as the Commissioners Court may not, alter the at-will employment status of

the sheriff's employees. *See Renken,* 808 S.W.2d at 226.

■ Because the Commissioners Court did not have the authority to alter the employment status of sheriff's office employees and because only Sheriff Pollock had the authority to alter the employment status of his employees, we hold that the Personnel Policies did not constitute a contract between appellants and appellees. Thus, appellants remained at-will employees under section 85.003. Because there was no employment contract between appellants and appellees as a matter of law, the trial court did not err by granting appellees' motion for summary judgment on appellants' breach of contract claim and by denying appellants' motion for partial summary judgment on the breach of contract claim.

### Negligent Misrepresentation

■ Appellants also brought a cause of action against appellees for negligent misrepresentation. The tort of negligent misrepresentation frequently involves a defendant's statement that a contract exists, upon which plaintiff relies, only to later discover that the contract has been rejected or was never completed. *Airborne Freight Corp. v. C.R.. Lee Enters., Inc.,* 847 S.W.2d 289, 295 (Tex.App.—El Paso 1993, writ denied). Thus, negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties. *Id.* A cause of action for negligent misrepresentation exists if: (1) the representation is made by a defendant in the course of his or her business, or in a transaction in which he or she has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank*

*Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991).

■ Appellants base their claims for negligent misrepresentation on the Personnel Policies and on the oral opinions of the County Officials regarding whether the Personnel Policies prevented Sheriff Pollock from not rehiring appellants. The Personnel Policies, as well as the opinions stated, do not constitute negligent misrepresentation by appellees. Section 12.05 of the Personnel Policies, upon which appellants rely and which was included in appellants' summary judgment evidence, applies to instances in which a county employee is "dismissed."[3] Burnet County Personnel Policies, section 12.05. Because, as a matter of law, a sheriff's department employee's term expires when the sheriff's term expires, appellants were not dismissed and section 12.05 is, therefore, inapplicable. *See Samaniego,* 802 S.W.2d at 728.

Additionally, appellees' summary judgment evidence established that each appellant received a letter from Sheriff Pollock, prior to the end of Sheriff Buck's term, stating that they were at-will employees and informing them that each employee needed to submit an application in order to be considered for employment with Sheriff Pollock's administration. Appellants did not raise a fact question regarding appellants' receipt of the letter or whether Sheriff Pollock informed them, prior to the day on which their terms expired, that they were at-will employees. The summary judgment evidence further established that neither Sheriff Pollock nor anyone with authority to act for him ever represented to appellants that they could only be terminated for just-cause. While the County Officials made statements regarding the just-cause provision in the Personnel Policies, the summary judgment evidence showed appellants understood these statements to be those persons' opinions and that

---

**3.** Section 12.05 of the Personnel Policies provides:

DISMISSAL

A new employee may be dismissed at any time during the 90–day probationary period when, in the judgment of the supervisor, the employee does not merit continuation on the county work force. An employee who has completed his initial probationary period may be dismissed only for just cause by his supervisor.

Burnet County Personnel Policies, section 12.05.

the County Officials were not speaking on behalf of Sheriff Pollock.

■ Because section 12.05 of the Personnel Policies clearly states that it applies to *dismissals,* because Sheriff Pollock informed appellants prior to the end of their term with Sheriff Buck that they were at-will employees and no contrary representation was ever made by Sheriff Pollock or anyone acting on his behalf, and because appellants knew the County Officials were not acting for Sheriff Pollock when they stated their opinions, appellants were not justified in relying on the Personnel Policies or the opinions of the County Officials. The trial court, therefore, did not err in granting summary judgment in favor of appellees on appellants' claims of negligent misrepresentation.

## Defamation

Appellants alleged their reputations have been damaged as a result of their "termination" from the sheriff's office and that false statements have been made about them by appellees which have interfered with appellants' ability to procure other employment. We will address each appellant's claim separately because the facts surrounding each claim are different.

■ A statement is defamatory if it tends to injure the person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach that person's honesty, integrity, or virtue. *Free v. American Home Assurance Co.,* 902 S.W.2d 51, 54 (Tex.App.—Houston [1st Dist.] 1995, no writ). Publication of defamatory words means to communicate orally, in writing, or in print to a third person capable of understanding their defamatory import and in such a way that the third person did so understand. *Ramos v. Henry C. Beck Co.,* 711 S.W.2d 331, 335 (Tex.App.—Dallas 1986, no writ). A cause of action for libel accrues when one publishes a false defamatory statement of fact of and concerning another and the one publishing the statement was at fault. *Holly v. Cannady,* 669 S.W.2d 381, 383 (Tex.App.—Dallas 1984, no writ). Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 646 (Tex.1995). To be entitled to summary judgment, the person accused of making such remarks has the negative burden to prove the absence of at least one of these elements, for example, that no statement was made, that the statement complained of was not defamatory, or that the statement was not published. *See Gibbs,* 450 S.W.2d at 828; *Ramos,* 711 S.W.2d at 333–35.

Appellants Abbott, Bonnet, and Whitacre alleged that appellees made false and libelous statements about each of them. The summary judgment evidence shows, however, that none of these appellants knows of any defamatory statements made by Sheriff Pollock or any other elected county official. Appellees, therefore, proved the absence of a defamatory statement as to appellants Abbott, Bonnet, and Whitacre's claims.

Larry Krueger alleged that someone at the sheriff's office told a Department of Public Safety trooper that Krueger "didn't do anything, [he] just sat around up at the office all the time." The summary judgment evidence shows Krueger does not know of any harm he suffered from the statement and that he knows of no other statements made about him. Because words must cause injury or harm to be defamatory, appellees established the absence of the required element of harm. *See Free,* 902 S.W.2d at 54; *Reeves v. Western Co. of N. Am.,* 867 S.W.2d 385, 393 (Tex.App.—San Antonio 1993, writ denied).

■ Dennis Wilie alleged two specific incidents of defamation. First, he alleged he was publicly accused of wrecking a patrol car; however, the summary judgment evidence shows Wilie does not know who made the accusation. He only presumes that a representative of Burnet County or Sheriff Pollock made the accusation. Wilie also alleged that Sheriff Pollock told an unidentified person, "I wonder if the voters in Williamson County would like to know what Mr. Wilie was involved in in Burnet County." Whether these words are reasonably capable of a defamatory meaning is a question of law for the trial court. *See Carr v. Brasher,* 776 S.W.2d 567, 570 (Tex.1989). And a jury should only

be permitted to determine the statement's meaning and the effect on the listener if the language is ambiguous. *See Musser v. Smith Protective Servs., Inc.,* 723 S.W.2d 653, 655 (Tex.1987). Appellees have asserted that this statement was neither false nor malicious, and the words themselves are not defamatory because they do not tend to injure Wilie's reputation and thereby expose him to public hatred, contempt or ridicule, or financial injury or to impeach his honesty, integrity, or virtue. *See Free,* 902 S.W.2d at 54. Therefore, appellees have established the absence of false or defamatory statements for both of appellant Wilie's claims.

Appellant Wall alleged that appellees were making false statements about her. The summary judgment evidence shows, however, that Wall has no knowledge of appellees or any other persons making such statements. While Wall testified in her deposition that she was told that something was said about her, she could not remember what it was. Additionally, appellees introduced depositions and affidavits of Sheriff Pollock and county officers that showed they did not make statements about Wall, nor did they know of any statements made by any other persons. Through this summary judgment evidence, appellees established that no defamatory statements were made about appellant Wall.

Appellants Johnson and Morin both alleged that their termination from the sheriff's department constituted a false accusation of misconduct. A claim of defamation arises, however, from a statement or a written communication; and the mere act of not rehiring appellants to work for the sheriff's department does not constitute defamation. *See* Tex. Civ. Prac. & Rem.Code Ann. § 73.001 (West 1986); *Reeves,* 867 S.W.2d at 393. Additionally, the summary judgment evidence shows that both Johnson and Morin have no knowledge of appellees or any other persons making false statements about them. Appellees therefore proved the absence of defamatory statements for Johnson and Morin's claims.

Appellant Pearson based her defamation claim on a telephone conversation with Chief Deputy Tem Moody during which he told Pearson she "almost got some officers killed." While Pearson identified the person who made the statement and the content of the statement, the summary judgment evidence shows Pearson does not know if the statement was heard by or published to a third party. Therefore, appellees proved the absence of publication to a third party.

While the nonmovant is never required to respond to a motion for summary judgment, once the movant has negated an element of a cause of action, to prevent the granting of summary judgment, the nonmovant must present evidence to raise a question of fact. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Even in the face of depositions and affidavits in which Sheriff Pollock and other county officials stated that they never made false or malicious statements about any of the appellants and did not know of any such statements made by other persons, no appellant responded with contrary evidence. Rather, each appellant filed with his or her response to the motion for summary judgment an affidavit stating that he or she

> believe[s] that Sheriff Pollock, and/or those under his direction and control, have communicated to others information to the effect that I was not a good employee. This communication is false. Moreover, this communication has damaged me because it prevents, or at least inhibits, my ability to obtain and maintain employment.

Even taking appellants' evidence as true and indulging all reasonable inferences in their favor, appellants' affidavits stating their beliefs that Sheriff Pollock or persons acting under his direction and control said negative things about them, without more, is insufficient to raise a question of fact on their defamation claims because appellants failed to specify any factual matters. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Because appellees disproved an element of defamation for each appellant's claim, and because appellants failed to raise a question of fact regarding the elements disproved by appellees, the trial court did not err in granting appellees' motion for summary judgment on appellants' defamation claims.

**Tortious Interference with a Contract**

 In combination with their defamation claims, appellants allege Sheriff Pollock and persons acting under his control interfered with their future or potential employment contracts with other employers by stating that they were bad employees and were, therefore, denied continued employment under Sheriff Pollock's administration. The elements of tortious interference with a contract are: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) such an act was a proximate cause of damage; and (4) actual damage or loss occurred. *Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 926 (Tex.1993).

Appellees moved for summary judgment on the basis that no one acting on behalf of appellees interfered with appellants' ability to obtain employment. Appellees' summary judgment evidence established that appellants Wilie, Whitacre, Wall, Johnson, Morin, and Pearson had no knowledge of any appellee or anyone else interfering with his or her ability to obtain employment. The evidence also showed that appellant Abbott believes appellees have interfered with his ability to obtain employment because he has had difficulty obtaining employment but has nothing to support this belief. Appellant Bonnet stated that a sticker was placed on the outside of his application for employment with another sheriff's department that indicated that an employee in the Burnet County sheriff's department was evasive when asked questions about Bonnet; however, he does not know of any negative statements made about him by anyone in Sheriff Pollock's department. Appellant Krueger asserts that the only interference with his ability to obtain employment was the fact that he was not rehired by Sheriff Pollock.

 The summary judgment evidence establishes that appellees did not interfere with appellants' ability to obtain employment, and while appellants were not required to respond to appellees' motion for summary judgment, they did not raise a fact issue regarding their claims of tortious interference with a contract. The trial court therefore did not err in granting summary judgment for appellees on appellants' claims of tortious interference with a contract.

**CONCLUSION**

Having determined that the trial court did not err in granting appellees' motion for summary judgment on each of appellants' causes of action and denying appellants' motion for partial summary judgment on their breach of contract claim, we affirm the judgment of the trial court.