OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


July 20, 1999

The Honorable Delma Rios
Kleberg County Attorney
P.O. Box 1411
Kingsville, Texas 78364

Opinion No. JC-0082

Re: Whether a commissioners court may purchase fire-fighting equipment for or pay a volunteer fire department without having contracted with the volunteer fire department to provide fire-protection services for county residents (RQ-1109)

Dear Ms. Rios:

You ask whether a county commissioners court may purchase fire-fighting equipment for or pay a volunteer fire department in the absence of a contract between the two entities under which the volunteer fire department provides fire-protection services for county residents as consideration for the equipment or payment. We conclude the county commissioners court may not.

You indicate that the Kleberg County Commissioners Court has, for several years, "supplemented [the] budget[s]" of the Ricardo and Riviera volunteer fire departments. Letter from Honorable Delma Rios, Kleberg County Attorney, to Honorable Dan Morales, Texas Attorney General (Apr. 6, 1998) (on file with Opinion Committee) [hereinafter "Request Letter"]. This year, you state that the commissioners court has budgeted $25,000 for the Ricardo organization and $20,000 for the Riviera organization. *Id.* As you describe the arrangement, the commissioners court does not simply hand the budgeted funds to the volunteer fire departments; rather, the volunteer fire departments submit purchase orders, up to the budgeted limits, to the commissioners court for its approval. *Id.* The county pays the expenditures out of its general fund, you continue, and the county auditor annually audits the volunteer fire departments' accounts. *Id.* We assume, although you do not inform us, that the county supports these volunteer fire departments because they provide fire-protection services to county residents living outside the municipal limits of Ricardo or Riviera.

Section 352.001 of the Local Government Code authorizes a county commissioners court to provide, either on its own or under a contract, fire protection to county residents who live outside a municipality (to whom we will refer simply as "county residents"):

> (a) The commissioners court of a county may furnish fire protection or fire-fighting equipment to the residents of the county . . . who live outside municipalities.

> (b) The commissioners court may:
>
> > (1) purchase fire trucks or other fire-fighting equipment;
> >
> > . . . and
> >
> > (3) contract with the governing body of a municipality located within the county or within an adjoining county to use fire trucks or other fire-fighting equipment that belongs to the municipality.
>
> (c) The commissioners court of a county may contract with an incorporated volunteer fire department that is located within the county to provide fire protection to an area of the county that is located outside the municipalities in the county. The court may pay for that protection from the general fund of the county.

TEX. LOCAL GOV'T CODE ANN. § 352.001 (Vernon 1999).

Accordingly, a county commissioners court may provide fire protection to county residents in one of two ways. *See id.* Under section 351.001(a), a county may furnish fire protection itself. *See* TEX. LOCAL GOV'T CODE ANN. § 351.001(a) (Vernon 1999). A county that furnishes fire-protection services itself may, under subsection (b)(1), do so using its own fire-fighting equipment or, under subsection (b)(3), fire-fighting equipment leased from a municipality. Alternatively, under subsection (c), a county commissioners court may furnish fire-protection services to county residents by contracting with an incorporated volunteer fire department to provide the services.

Because section 352.001(c) explicitly sets forth the means by which a county may interact with a volunteer fire department to provide fire protection to county residents, we believe the statute excludes any other means of interaction with a volunteer fire department. A county commissioners court may exercise only those powers that the state constitution and statutes confer upon it, either explicitly or implicitly. *See Canales v. Laughlin,* 214 S.W.2d 451, 453 (Tex. 1948); *Abbott v. Pollock,* 946 S.W.2d 513, 517 (Tex. App.–Austin 1997, writ denied). Moreover, where, as here, a statutory power is granted and the method of its exercise is prescribed, the prescribed method excludes all others and must be followed. *See Foster v. City of Waco,* 255 S.W. 1104, 1105 (Tex. 1923); *Cole v. Texas Army Nat'l Guard,* 909 S.W.2d 535, 539 (Tex. App.–Austin 1995, writ denied); Tex. Att'y Gen. Op. Nos. JC-0011 (1999) at 3, DM-424 (1996) at 4. A county that desires to furnish fire-protection services to county residents by contracting with another entity must, consistently with subsection (c), do so under a contract with an incorporated volunteer fire department. Section 352.001 does not permit a county to purchase fire-fighting equipment for a volunteer fire department or to pay a volunteer fire department absent a contract.

You suggest that Government Code section 418.109(d), which was enacted in 1995, authorizes the practice at issue in this request. That subsection authorizes a county to provide "mutual aid assistance" to a fire protection agency or organized volunteer group upon request as part of a mutual-aid arrangement. TEX. GOV'T CODE ANN. § 418.109(d) (Vernon 1999). Section 418.109 is designed to encourage political subdivisions not participating in interjurisdictional emergency management plans, *see id.* § 418.106, to "make suitable arrangements" to aid each other "in coping with disasters." *See id.* § 418.109(a). Thus, section 418.109 as a whole tries to facilitate both disaster mitigation prior to a disaster and a political subdivision's response in the event that a particular disaster occurs, *e.g.*, a tornado or uncontrollable wildfire:

> The problems in Florida and Louisiana in coping with the aftermath of Hurricane Andrew and extensive fires in central and west United States during 1993 and 1994 brought into focus the need for a statewide mutual aid plan.

HOUSE COMM. ON PUBLIC SAFETY, BILL ANALYSIS, Tex. Comm. Substitute H.B. 2872, 74th Leg., R.S. (1995); *see also* HOUSE COMM. ON PUBLIC SAFETY, BILL ANALYSIS, Tex. S.B. 1695, 74th Leg., R.S. (1995). Section 418.109(d) encourages political subdivisions to enter into mutual-aid agreements prior to the occurrence of any disaster and thereby permits a political subdivison to assist another, catastrophe-stricken political subdivision in its response to the disaster. But the section does not authorize a county to make a gift to a volunteer fire department in nonemergency circumstances in the absence of a mutual-aid agreement.

Nor does article III, section 52(a) of the Texas Constitution authorize the county commissioners court to make the arrangements you describe without a contract, thereby avoiding the contract requirement of section 352.001(c) of the Local Government Code. The Texas Constitution prohibits a county from making a gratuitous contribution: any payment (monetary or in-kind) must serve a public purpose, must be in exchange for a *quid pro quo*, and must be accompanied by controls sufficient to ensure that the public purpose is accomplished. *See* TEX. CONST. art. III, § 52(a); *see also* Tex. Att'y Gen. LO-96-035, at 3 n.3. You suggest that, under Letter Opinion 96-035, "it might be possible [under article III, section 52(a) generally] to insure sufficient controls without a formal contract." *See* Request Letter, *supra*, at 3. But Letter Opinion 96-035 concerned a county's contribution to a nonprofit organization whose purpose was to assist industrial development; it did not involve a contribution to a volunteer fire department governed by section 352.001(c). Moreover, article III, section 52(a) establishes a minimum standard to which the legislature may, by statute, add levels of security. With respect to a county's relationship with a volunteer fire department that provides fire-protection services for county residents, the legislature has required a contract, and a county must adhere to that statutory requirement.

In sum, a county commissioners court may purchase fire-fighting equipment for or pay money to a volunteer fire department only if the volunteer fire department has contracted with the county to provide fire-protection services for county residents. This office previously has articulated other requirements, which you do not question: the payment (whether in-kind or in cash) must

be reasonable; and the payment must be made in accordance with the county budgeting statutes, *see* TEX. LOCAL GOV'T CODE ANN. ch. 111 (Vernon 1999) and other applicable statutes. *See* Tex. Att'y Gen. Op. No. V-101 (1947) at 5; *see also* Tex. Att'y Gen. Op. Nos. O-6160 (1944) at 3, O-4300 (1942) at 3. In addition, the county must make the payment from the county's general fund. *See* TEX. LOCAL GOV'T CODE ANN. § 352.001(c) (Vernon 1999); *see also* Tex. Att'y Gen. Op. Nos. O-6160 (1944) at 3, O-4300 (1942) at 3.

## S U M M A R Y

A county commissioners court may purchase fire-fighting equipment for or pay a volunteer fire department only if the volunteer fire department has contracted with the county to provide fire-fighting services to county residents living outside the boundaries of a municipality.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General