

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 2, 2005

The Honorable Ronald D. Hankins
Somervell County Attorney
Post Office Box 1335
Glen Rose, Texas 76043

Opinion No. GA-0303

Re: Whether an elected county official may close his office on a day declared by the Governor of Texas to be an "official day of mourning" (RQ-0267-GA)

Dear Mr. Hankins:

You ask whether an elected county official may close his office on a day declared by the Governor to be an official day of mourning. If the official closes his office for this purpose, you ask whether the County Auditor may treat the official day of mourning as a vacation day in compensating the official's employees.[1]

After former President Ronald Reagan died, Governor Rick Perry declared in Executive Order RP34 that Friday, June 11, 2004, would be an official day of mourning and that all state offices would be closed to allow state employees to attend ceremonies in honor of President Reagan's memory. *See* Tex. Gov. Exec. Order No. RP34; 29 Tex. Reg. 5985 (2004). While some counties ordered their offices closed on June 11, 2004, the Commissioners Court of Somervell County did not. *See* Request Letter, *supra* note 1, at 1. In Somervell County, however, the Justice of the Peace of Precinct Two closed his office for the day and so informed his clerk. *See id. See also* TEX. GOV'T CODE ANN. § 27.056(a) (Vernon 2004) (justice of the peace may designate one or more persons to serve as clerks). When the next pay period for county employees arrived, the County Auditor for Somervell County charged the clerk a vacation day for June 11, the day on which the Justice's office was closed.

You ask whether Attorney General Opinion JC-0131 (1999) governs the elected officer's closing of his office in observance of the official day of mourning. Request Letter, *supra* note 1, at 2. You also ask whether the County Auditor of Somervell County is authorized to determine how the clerk's time is to be charged for the day on which the Justice of the Peace closed his office. *Id.*

Attorney General Opinion JC-0131 concluded that an elected or appointed county official was authorized to close his office on account of bad weather, repairs, and the like and that employees

---

[1]Letter from Honorable Ronald D. Hankins, Somervell County Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 25, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

of the office were entitled to compensation for the time they could not work because of an office closure. *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 2-3. Even more relevant to your question is Attorney General Opinion JC-0239, which considered whether a county officer might close his office for reasons not related to "bad weather, repairs, and the like." Tex. Att'y Gen. Op. No. JC-0239 (2000) at 1. We will review these opinions and the authorities they cite.

A commissioners court has authority with certain exceptions to "set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999). Under section 152.011, the court may confer upon county officers and employees such benefits as longevity pay, vacation leave, sick leave, and paid holidays. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JM-910 (1988) at 4 (vacation and sick leave), MW-438 (1982) at 2 (paid holidays); Tex. Att'y Gen. LO-96-007, at 2 (longevity pay).

However, a commissioners court ordinarily lacks authority to set the office hours of other county officials and their employees. *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 1. *See also City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27-28 (Tex. 2003); *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948) (county commissioners have only the powers expressly conferred by the Texas Constitution or statutes or necessarily implied therefrom). The commissioners court may not interfere with the powers or duties of independent county officials and their employees. *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961); *Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.–Austin 1997, writ denied). The legislature has expressly authorized the commissioners courts of some counties to establish the work hours of county employees. *See* TEX. LOC. GOV'T CODE ANN. § 157.021(a) (Vernon 1999) (in county with population of 355,000 or more, a commissioners court is authorized to adopt uniform rules on the hours of work of employees whose compensation is set or approved by the court); *id.* § 158.035(a) (adoption of working conditions in civil service counties). No such statute applies to the Somervell County Commissioners Court. Absent such express authority, a commissioners court may not interfere with a county official's authority to set the hours that his office will be open or his implied authority to set the working conditions for his employees. *See* Tex. Att'y Gen. Op. Nos. JC-0239 (2000) at 3, JC-0131 (1999) at 3. *See* Tex. Att'y Gen. Op. Nos. C-350 (1964) at 1-2 (constitutional county officer may close his office on Saturday without approval of commissioners court); O-6679 (1945) at 2 (commissioners court lacks authority to require county offices to be open 48 hours a week). Attorney General Opinion JC-0239, building on the reasoning of Attorney General Opinion JC-0131, concluded that

> a county officer's dismissal of employees for reasons other than bad weather, repairs, and the like is within the officer's authority and not the authority of the commissioners court. . . . [I]t is for the officer to determine what activities constitute a legitimate use of an employee's official time, *i.e.*, work time rather than vacation time.

Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4. *See also id.* at 5 (authority of commissioners court to condition county employees' compensation on working or accounting for forty hours of work each week). Allowing the employees to take a day off must serve a public purpose within article III,

section 52 of the Texas Constitution, which provides that the legislature shall have no power to authorize any county to grant public money to any individual. *See* TEX. CONST. art. III, § 52(a). *See also* Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4 (improving employee morale may be a sufficient public purpose for granting time off); Tex. Att'y Gen. LO-96-136, at 1-2 (expenditures to purchase small gifts, plaques, or flowers for funerals, weddings, or retirements of county employees may serve public purpose of increasing employee morale). Whether a particular office closure serves a public purpose must be determined in the first instance by the public official, whose decision is subject to judicial review. *See* Tex. Att'y Gen. Op. No. JC-0119 (1999) at 4.

Attorney General Opinion JC-0239 provides the answer to your question. The Somervell County Justice of the Peace, Precinct Two, has authority to decide to close his office and allow his clerk to take the day off in observance of the official day of mourning. Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4. His decision that closing his office serves a public purpose is subject to judicial review. *See id.*

You also ask whether the County Auditor of Somervell County is authorized to determine how the clerk's time is to be charged for the day on which the Justice of the Peace closed his office for the official day of mourning. *See* Request Letter, *supra* note 1, at 2. Where an employee's right to salary is established as a matter of law, the auditor has a ministerial duty to approve the payment. *See Smith v. McCoy*, 533 S.W.2d 457, 460 (Tex. Civ. App.–Dallas 1976, writ dism'd); Tex. Att'y Gen. Op. No. JC-0131 (1999) at 4. Once the salaries of county officers and employees are set, the salaries may not be reduced to account for office closures and "neither the commissioners court nor the county treasurer nor the county auditor may reduce the officers' or employees' pay or require that the time be charged to leave time." *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 3. *Accord* Tex. Att'y Gen. Op. No. JC-0239 (2000) at 3. We conclude that the Somervell County Auditor has a ministerial duty to approve payment of the clerk's salary for the official day of mourning as a regular work day and may not charge it to leave time.

## S U M M A R Y

A Somervell County official is authorized to set the hours that his office will be open as well as his employees' working conditions. He may close the office and allow the employees to take the day off, assuming that there is a public purpose for the closing. The Somervell County Justice of the Peace, Precinct Two, was authorized to close his office on June 11, 2004 for the official day of mourning honoring former President Ronald Reagan and to allow his clerk to take the day off. The Somervell County Auditor has a ministerial duty to approve payment of the clerk's salary for the official day of mourning as a regular work day and may not charge it to leave time.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee