

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 20, 2007

The Honorable Marsha Monroe
Terrell County Attorney
Post Office Box 745
Sanderson, Texas 79848

Opinion No. GA-0569

Re: Whether certain county officers and employees may hold additional county positions
(RQ-0580-GA)

Dear Ms. Monroe:

You ask whether certain county officers and employees may hold additional county positions. You first ask whether a justice of the peace may simultaneously serve as a county emergency medical services employee.[1] Both the Texas Constitution and the common-law doctrine of incompatibility restrict dual office holding. We examine each in turn.

Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). Justices of the peace are expressly excepted from the operation of this constitutional provision. *See id.* Thus, article XVI, section 40 does not bar a justice of the peace from simultaneously serving as a county emergency medical services employee.

Irrespective of the constitutional prohibition, the common-law doctrine of incompatibility may also serve as an impediment to the simultaneous holding of two positions. That doctrine has three aspects: (1) self-appointment; (2) self-employment; and (3) conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0536 (2007) at 3. Neither self-appointment nor self-employment is applicable to the situation you pose. It is the commissioners court, not the justice of the peace, that governs the appointment or employment of an emergency medical services employee. *See* Tex. Att'y Gen. LO-94-046, at 2 (explaining that in a county with no emergency services district, "the county commissioners court itself governs the county emergency medical or ambulance service"). Neither does an emergency medical services employee appoint or employ a justice of the peace, which is an elected office. *See* TEX. CONST. art. V, § 18 (justice of the peace is an elected official).

---

[1]Letter from Honorable Marsha Monroe, Terrell County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 2, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

The third aspect of incompatibility—conflicting loyalties—occurs only when each position is an "office." *See* Tex. Att'y Gen. Op. No. GA-0536 (2007) at 3. A person is an "officer" if "any sovereign function of government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others*." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). Under the standard of *Aldine*, it is clear that a county emergency medical services employee, ultimately subject to the direction and control of the commissioners court, does not hold an office. Thus, conflicting loyalties incompatibility does not bar a justice of the peace from simultaneously serving as a county emergency medical services employee.

Even though no legal incompatibility exists, conflict may still arise between the duties of the two positions. For example, in a county without a medical examiner's office, a justice of the peace may have the duty to perform an inquest into the death of a person. *See* TEX. CODE CRIM. PROC. ANN. arts. 49.02, .04 (Vernon 2006). Inquests may involve review of actions taken by emergency medical staff. *See, e.g.*, Tex. Att'y Gen. LO-97-033, at 1 (relating to a justice of the peace seeking access to ambulance "run sheets" in connection with a death investigation). Additionally, there may be other circumstances in which the jurisdiction of the justice court brings the justice of the peace in contact with emergency medical personnel and the emergency medical services division. To that end, we note that the Code of Judicial Conduct and other ethical considerations may be implicated by the dual service at issue here. *See, e.g.*, TEX. CODE JUD. CONDUCT, Canon 4A(1)–(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 2005) (providing that extra-judicial activities should not: "(1) cast reasonable doubt on the judge's capacity to act impartially as a judge; or (2) interfere with the proper performance of judicial duties"); *id.* Canon 4D(1) ("A judge shall refrain from financial and business dealings that tend to reflect adversely on the judge's impartiality, interfere with the proper performance of the judicial duties, . . . or involve the judge in frequent transactions with . . . persons likely to come before the court . . . ."). The justice of the peace of whom you inquire may wish to consult with the Texas Commission on Judicial Conduct regarding this dual service. *See* TEX. CONST. art. V, § 1-a(2), 6(A), (8) (providing that the Commission is responsible, in the first instance, for applying the judicial canons to specific conduct by judges).

Your second question is whether a justice of the peace holds a full-time position and is thus eligible for county employee benefits. *See* Request Letter, *supra* note 1, at 1. You explain that the Terrell County Handbook defines "full-time employees" as those employees regularly employed thirty or more hours per week and that "the Justice of the Peace position has not [historically] required that the JP work 30 hours per week." *Id.* at 1–2.

The County Handbook's provisions regarding the benefits bestowed upon full-time employees are not applicable to a justice of the peace. A justice of the peace is not an *employee* of the county. Rather, the position of justice of the peace is an elected office established by the Texas Constitution. *See* TEX. CONST. art. V, § 18.

The Texas Constitution requires that justices of the peace be compensated on a salary basis. *See id.* art. XVI, § 61(b).[2]  The commissioners court has authority to set the salary and other compensation for justices of the peace. *See* TEX. LOC. GOV'T CODE ANN. §§ 152.011 (Vernon 1999) (commissioners court has authority to "set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers . . . paid wholly from county funds"), 152.013(a) ("Each year the commissioners court shall set the salary, expenses, and other allowances of elected county or precinct officers."); Tex. Att'y Gen. Op. No. GA-0193 (2004) at 3.[3] We have recognized that the commissioners court, pursuant to section 152.011 of the Local Government Code, may also confer benefits such as vacation, sick leave, and holidays on county officers, as part of their compensation. *See* Tex. Att'y Gen. Op. Nos. GA-0322 (2005) at 3, GA-0303 (2005) at 2.  In carrying out its authority to establish the salary and compensation of a justice of the peace, a commissioners court may not, however, prescribe the office hours of justices of the peace as this would intrude upon the powers or duties of an independent county official. *See* Tex. Att'y Gen. Op. Nos. GA-0322 (2005) at 3, GA-0303 (2005) at 2.

Your third question is whether one person may simultaneously serve in a contractual position as director for county emergency medical services and as a full-time dispatcher for the sheriff's office. *See* Request Letter, *supra* note 1, at 1–2.  Under the *Aldine* standard, neither of these positions constitutes an "office," and thus an individual holding both would not run afoul of either article XVI, section 40 of the Texas Constitution or the conflicting loyalties aspect of common-law incompatibility. *See* Tex. Att'y Gen. LO-94-046, at 3 (an EMS administrator is not a public officer); *cf.* Tex. Att'y Gen. Op. No. GA-0402 (2006) at 1 (a deputy sheriff is not an officer).  Neither does one position appoint or employ the other.  Thus, there is no legal bar to a person's holding both of these positions.

As a practical matter, the commissioners court, as supervisor of the emergency medical services director, and the sheriff, as supervisor of his dispatcher, must each determine whether the duties of one position make it impossible for the individual to adequately perform the other. *See* *Abbott v. Pollock*, 946 S.W.2d 513, 516–17 (Tex. App.—Austin 1997, writ denied) (holding that a sheriff has sole authority over employment and termination decisions concerning sheriff's office personnel); Tex. Att'y Gen. LO-94-046, at 2 (explaining that in a county with no emergency services district, "the county commissioners court itself governs the county emergency medical or ambulance service, pursuant to the common law, section 774.003(a) of the Health and Safety Code, or some statute other than chapter 776 of the Health and Safety Code of which we are unaware").

---

[2]Justices of the peace also have express statutory authority to retain fees from third parties for performing services outside those required of the office by law, such as marriage ceremonies. *See* TEX. LOC. GOV'T CODE ANN. § 154.005(a) (Vernon 1999).

[3]A county commissioners court has a duty to set a reasonable salary for a duly elected justice of the peace. *See* *Vondy v. Comm'rs Court of Uvalde County*, 620 S.W.2d 104, 108–09 (Tex. 1981).

## S U M M A R Y

A justice of the peace is not barred by either article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility from simultaneously serving as a county emergency medical service employee. The justice of the peace may, however, wish to consult with the State Commission on Judicial Conduct to assess whether the Code of Judicial Conduct bars such dual service.

A justice of the peace is an elected official—not an employee of the county. The salary and other compensation, such as benefits, for justices of the peace are set by the commissioners court.

A full-time dispatcher for a county sheriff's office is not barred by either article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility from simultaneously serving in a contractual position as director of county emergency medical services. Whether one person can, as a practical matter, carry out both functions must be determined by the sheriff and the commissioners court as the respective supervisors of the two positions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee