# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 2, 2008

The Honorable Russell W. Malm
Midland County Attorney
200 West Wall Street, Suite 104
Midland, Texas 79701

Opinion No. GA-0661

Re: Whether a county is authorized to pay a performance-based bonus to elected officials (RQ-0686-GA)

Dear Mr. Malm:

You relate that the Midland County Judge would like to adopt "a plan which would authorize performance-based bonuses for elected officials."[1] You explain how this bonus plan for elected officials would work:

> Under this plan, the bonuses would be based upon some quantifiable system of measuring performance. If an elected official meets the stated performance goals during the budget year, a bonus would be awarded at that time. The plan would be approved by the Commissioners Court during the regular budget hearing and adoption proceedings, but the bonuses would be paid during the budget year. The bonus would not be paid unless the elected official met the stated performance goal.

Request Letter, *supra* note 1, at 1. Specifically, you ask whether the "county [may] pay a performance bonus to elected officials in addition to their salary," and if so, in what manner the Commissioners Court should "list the bonus in the publication of proposed salary increases." *Id.*

The commissioners court is the governing body of a county, but it exercises only those powers expressly conferred by the Texas Constitution or statutes or those powers necessarily implied therefrom. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27–28 (Tex. 2003); *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). Among those powers is the authority, with certain exceptions, to "set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds."

---

[1]Letter from Honorable Russell W. Malm, Midland County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 6, 2008) (on file with the Opinion Committee, *also available at* http://www .texasattorneygeneral.gov) [hereinafter Request Letter].

TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 2008). "Under section 152.011, the court may confer upon county officers and employees such benefits as longevity pay, vacation leave, sick leave, and paid holidays." Tex. Att'y Gen. Op. No. GA-0303 (2005) at 2.

In considering the propriety of bonus awards to county *employees*, this office has said that "[a] bonus may be paid to a county employee only if the commissioners court has approved the bonus plan as part of compensation before the services are rendered," so as not to violate article III, section 53 of the Texas Constitution. Tex. Att'y Gen. Op. No. JM-1253 (1990) at 2–3 (emphasis added); *see* TEX. CONST. art. III, § 53 ("The Legislature shall have no power to grant, or to authorize any county . . . to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered . . . ."). *See also* Tex. Att'y Gen. Op. Nos. JC-0376 (2001) at 4 ("Retroactive increases in compensation [paid to employees of a county court] for services already rendered violate article III, section 53 of the Texas Constitution. Prospective increases in compensation do not."); GA-0492 (2006) at 2 ("a county may provide bonuses based on performance if the county approved a bonus plan before *employee recipients* performed the work for which the bonuses are given") (emphasis added). This office has never been asked about a county's authority to adopt a bonus plan for elected county officials, however, and we find no Texas court decisions on the issue. Your question is thus one of first impression, and given its novelty, we limit our response to the bonus plan you describe, which is conditioned on the accomplishment of performance goals established by the Commissioners Court.

Despite a commissioners court's extensive authority in county budgetary matters, it does not follow that a commissioners court may set performance goals, and pay bonuses contingent upon achievement of those performance goals, for independently elected county officials. "[E]lected county officials hold 'virtually absolute sway over the particular tasks or areas of responsibility entrusted to [them] by state statute.'" *Hooten v. Enriquez*, 863 S.W.2d 522, 531 (Tex. App.—El Paso 1993, no writ) (quoting *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)). "In Texas, an elected officer occupies a sphere of authority, which is delegated to that officer by the Constitution and laws, which another officer may not interfere with or usurp." *Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, pet. denied) (citing *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961)); *see Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1991, no writ).[2] The sphere-of-authority limitation on a commissioners court's powers is "founded in the policy that elected officers . . . discharge the public trust and carry the responsibility for the proper discharge of that trust." *Abbott*, 946 S.W.2d at 517.

Prior opinions of this office have established that an officer's sphere of authority encompasses the power to "determin[e] how to deploy the resources placed at his disposal," to hire and dismiss employees of the officer's choosing without interference from the commissioners court, to set the officer's employees' work schedule, and to assign employees as the officer sees fit to accomplish the duties of his office. Tex. Att'y Gen. Op. No. JC-0214 (2000) at 5. In one earlier

---

[2]Elected county offices are, for the most part, established by the Texas Constitution. *See, e.g.*, TEX. CONST. art. V, § 18 (constable); *id.* art. V, § 19 (justice of the peace); *id.* art. V, § 20 (county clerk); *id.* art. V, § 21 (district and county attorney); *id.* art. V, § 23 (sheriff); *id.* art. XVI, § 44 (treasurer and surveyor).

opinion, this office said that "[a]n elected county official's authority to accomplish the constitutional or statutory purposes of his of her office encompasses the authority to dismiss his or her employees for all or part of a day for any reason." Tex. Att'y Gen. Op. No. JC-0239 (2000) at 7. While "the commissioners court retains control over the budgetary aspects of the county's employment relationships, . . . the county officer retains control over the accomplishment of his or her constitutional and statutory duties through, among other things, the administration of his or her office." *Id.* at 3. *See also* Tex. Att'y Gen. Op. Nos. GA-0303 (2005) at 2 (elected official may permit his employees to leave the office for holiday shopping or travel without being required to charge such absence to accrued leave); GA-0037 (2003) at 4 (commissioners court may not, during a budget year, "'freeze' a vacant position by requiring an elected officer to promote an existing county employee or to obtain the court's" permission to fill the vacancy); JM-521 (1986) at 3 (commissioners court may not set working conditions for other county officials). In sum, the court "may not micro-manage" an elected official's decisions as to the use of his resources. Tex. Att'y Gen. Op. No. JC-0239 (2000) at 3.

These examples illustrate the independent nature of an elected county official's sphere of authority, his discretion within that sphere of authority, and the lack of the commissioners court's authority to interfere with that discretion. Although a commissioners court may take into consideration a county official's performance when it considers the official's overall budget for the *following* year, we believe that to overtly condition an elected official's possible future bonus on the achievement of commissioners-court-established performance goals would impermissibly interfere with, and intrude upon, that official's sphere of authority. Were the official to permit his discretion to be influenced by the court's performance goals, he might, consciously or otherwise, focus his primary attention on achieving the court's goals rather than performing his statutory and constitutional duties as he understands them. An elected official's performance is properly judged by those who elected him.

Because a bonus plan that is premised on accomplished performance goals set by a commissioners court may improperly interfere with an elected official's constitutionally based sphere of authority, we cannot advise you that the Commissioners Court is authorized to adopt such a plan. Given, this conclusion, we need not address your second question, regarding the manner in which the Commissioners Court should "list the bonus in the publication of proposed salary increases." Request Letter, *supra* note 1, at 1.

## S U M M A R Y

A bonus plan that is premised on accomplished performance goals set by a commissioners court may improperly interfere with an elected official's constitutionally based sphere of authority. Thus, we cannot advise that a commissioners court is authorized to adopt such a plan.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee