

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

May 8, 2017

The Honorable Nicholas "Nico" LaHood
Bexar County Criminal District Attorney
Paul Elizondo Tower
101 West Nueva, 7th floor
San Antonio, Texas 78205-3030

Opinion No. KP-0146

Re: Authority of a county commissioners court that establishes a veterans treatment court program under Government Code chapter 124 to direct and control administrative details including the hiring and supervision of grant-funded personnel (RQ-0139-KP)

Dear Mr. LaHood:

You ask about the authority of a county commissioners court that establishes a veterans treatment court program under Government Code chapter 124 to direct and control the administrative details of the program including the hiring and supervision of grant-funded personnel.[1] You further ask whether chapter 124 limits a treatment court judge's role to the direction and control of the disposition of the cases coming before the court and thus does not include the supervision of grant-funded personnel. Request Letter at 1. Your questions arise out of a dispute between the commissioners court and the judge of a veterans treatment court over who the law authorizes to direct, supervise, and select the project director and staff of the veterans treatment court program. *Id.* at 2–4.

We construe statutes in the context of their statutory scheme. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011) (stating that courts "give unambiguous text its ordinary meaning, aided by the interpretive context provided by the surrounding statutory landscape" (quotation marks omitted)). Chapter 124 is located in title 2, subtitle K of the Government Code, which governs several types of specialty court programs such as drug court programs and mental health court programs. *See* TEX. GOV'T CODE §§ 121.001–126.008 (subtitle K). Chapter 124 authorizes a county commissioners court to establish a veterans treatment court program, either for the county individually or as a participant in a regional veterans treatment court program. *Id.* §§ 124.002(a), .004(a). Section 124.001 defines "veterans treatment court program" by listing the essential characteristics that the program must possess:

> (1) the integration of services in the processing of cases in the judicial system;

---

[1]Letter from Honorable Nicholas "Nico" LaHood, Bexar Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–4 (Nov. 3, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

(2) the use of a nonadversarial approach involving prosecutors and defense attorneys to promote public safety and to protect the due process rights of program participants;

(3) early identification and prompt placement of eligible participants in the program;

(4) access to a continuum of alcohol, controlled substance, mental health, and other related treatment and rehabilitative services;

(5) careful monitoring of treatment and services provided to program participants;

(6) a coordinated strategy to govern program responses to participants' compliance;

(7) ongoing judicial interaction with program participants;

(8) monitoring and evaluation of program goals and effectiveness;

(9) continuing interdisciplinary education to promote effective program planning, implementation, and operations;

(10) development of partnerships with public agencies and community organizations, including the United States Department of Veterans Affairs; and

(11) inclusion of a participant's family members who agree to be involved in the treatment and services provided to the participant under the program.

*Id.* § 124.001(a)(1)–(11). Section 124.003 assigns duties to a veterans treatment court program, requiring the program to ensure that an eligible defendant receives legal counsel and a court-ordered individualized treatment plan, among other duties. *Id.* § 124.003(a)(1), (3).[2]

Chapter 124 does not, however, delineate a particular structure for a veterans treatment court program and does not address the employment of staff. The chapter does not specify the authority or duties of a commissioners court beyond its general authority to establish a veterans treatment court program. A commissioners court "has the implied authority to exercise the power necessary to accomplish its assigned duty." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). "As the administrative head of county government, a commissioners court also possesses broad implied powers to accomplish its legitimate directives." *Guynes v. Galveston*

---

[2]As a specialty court under subtitle K, a veterans treatment court program must comply with all programmatic best practices recommended by the Specialty Courts Advisory Council under subsection 772.0061(b)(2) of the Government Code and approved by the Texas Judicial Council. TEX. GOV'T CODE §§ 121.002(d)(1), 772.0061(b)(2).

*Cty.*, 861 S.W.2d 861, 863 (Tex. 1993). Thus, when a commissioners court establishes a veterans treatment court program, it may exercise its discretion to include those positions and funding necessary to comply with the statutory definition and duties required in chapter 124. However, the fact that a commissioners court may create positions in a veterans treatment court program does not resolve whether the commissioners court may select and supervise the staff of a veterans treatment court program.[3] The commissioners court must exercise its discretion consistently with the constitution and chapter 124 and may not usurp duties assigned to other officials such as the veterans treatment court judge. *See Guynes*, 861 S.W.2d at 863.

Chapter 124's provisions describe a "veterans treatment court" and a "veterans treatment court program" as distinct concepts without expressly specifying the court's authority with respect to the program. *See* TEX. GOV'T CODE § 124.001(a)–(b) (defining "veterans treatment court program" and requiring a "veterans treatment court" to make a determination with respect to dismissal of a criminal case). However, a veterans treatment court program is, by its very name, a program of the veterans treatment court. The veterans treatment court program must ensure "ongoing judicial interaction with program participants." *Id.* § 124.001(a)(7). The veterans treatment court must order an individualized treatment plan for participants. *Id.* § 124.003(a)(3). The court must maintain jurisdiction for at least six months but not longer than the period of community supervision applicable to the offense charged and must conduct a hearing to determine whether dismissal of pending criminal charges against the participant is in the best interest of justice. *Id.* §§ 124.001(b), .003(a)(4). Chapter 124's inclusion of the court's duties within the definition and duties of a veterans treatment court program reveals that such a program performs or assists the performance of a judicial function.

While chapter 124 does not expressly address a court's authority to specify who may select and supervise program staff, a court possesses general authority to "appoint appropriate staff and support personnel according to the needs in each county." *Id.* § 74.103; *see also id.* § 25.0010(e) (authorizing statutory county court judges to "appoint the personnel necessary for the operation of the court, including a court coordinator or administrative assistant, if the commissioners court has approved the creation of the position"). In addition, a court has inherent authority, "which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). Courts have inherent authority to select staff to assist the court in the performance

---

[3]You argue that veterans treatment courts are not authorized to select staff because when the Legislature "has vested courts with authority over the hiring and supervision of court personnel, it has done so explicitly." Request Letter at 7. By the same token, however, the Legislature has demonstrated that it knows how to expressly give a commissioners court a role in the selection of judicial personnel. *See, e.g.*, TEX. GOV'T CODE §§ 25.0024(a) ("A judge of a statutory probate court shall hire with the approval of the commissioners court through the county budget process a court coordinator, an administrative assistant, and an auditor for the court."), 54.301 (authorizing certain judges in Dallas County to appoint a magistrate "with the consent and approval of the Commissioners Court"), 54.1803(a) (authorizing certain judges "with the consent and approval of the commissioners court" to appoint magistrates for drug court programs). Chapter 124's silence on appointment authority does not illuminate the Legislature's intent.

of judicial duties. *Id.* at 398 n.1; *Comm'rs Ct. of Lubbock Cty. v. Martin*, 471 S.W.2d 100, 110 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.) (concluding that a court may select probation officers); Tex. Att'y Gen. Op. No. GA-1032 (2013) at 4 (concluding that court has authority to select a bailiff under section 74.103 of the Government Code and its inherent authority as a court).[4] Accordingly, while chapter 124 of the Government Code grants a county commissioners court authority to create staff positions and provide funding when it establishes a veterans treatment court program, the veterans treatment court judge, not the commissioners court, is authorized to select and supervise the staff of a veterans treatment court program. *See Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, writ denied) (stating "[t]he limitations on the powers of the Commissioners Court are founded in the policy that elected officers . . . discharge the public trust and carry the responsibility for the proper discharge of that trust, and therefore, should be free to select persons of their own choice to assist them").

---

[4]*See also Henry v. Cox*, 483 S.W.3d 119, 146–47 (Tex. App.—Houston [1st Dist.] 2015, pet. granted) (upholding temporary injunction reinstating a county director of judicial administration). The Texas Supreme Court has granted a petition for review in *Henry*, which includes issues concerning the scope of inherent judicial authority. *See* Pet. for Review at 10–15, *Henry v. Cox*, 2016 WL 689851 (Tex. filed Feb. 5, 2016) (No. 15-0993).

## S U M M A R Y

Chapter 124 of the Government Code grants a county commissioners court authority to create staff positions and provide funding when it establishes a veterans treatment court program. However, the chapter authorizes the veterans treatment court judge, not the commissioners court, to select and supervise the staff of a veterans treatment court program.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee