August 26, 2013

The Honorable John Mark Cobern
Titus County Attorney
100 West First Street, Suite 106
Mt. Pleasant, Texas 75455

Opinion No. GA-1018

Re: Whether a commissioners court may establish a rule that prohibits an elected county official from bringing a pet to the official's office (RQ-1114-GA)

Dear Mr. Cobern:

You ask whether a county commissioners court may establish a rule that prohibits an elected county official from bringing a pet to the official's office.[1] You inform us that your office is located in the Titus County Courthouse and that you have brought your dog to your office for the last three years. Request Brief at 1. You state that the Titus County Commissioners Court recently voted to ban all animals from county buildings. *Id.* at 2. You question the commissioners court's authority to extend this ban to the office of an independently elected county official. *Id.* at 2–4.

We note at the outset that, according to the commissioners court's meeting minutes, the policy has exceptions for specified categories of service animals. *See* Minutes of Titus Cnty. Comm'rs Ct. Regular Meeting at 4 (Mar. 11, 2013) (Item 7), http://www.co.titus.tx.us/index.html (on file with the Op. Comm.). Access to public buildings for persons with service animals is governed by state and federal laws not addressed in this opinion. *See, e.g.*, TEX. HUM. RES. CODE ANN. § 121.003(c) (West 2013) (use of service animals in public facilities); 28 C.F.R. §§ 35.136 (2013) (use of service animals with respect to state and local services); 36.302(c) (use of service animals with respect to public accommodations). Nothing in this opinion should be construed to affect the rights of persons who use service animals.

The Texas Constitution and statutes distribute the power of the county among various independent county and district officials and the county commissioners court. Each independent, elected county official possesses a sphere of authority in which no other county official or entity, including the commissioners court, may "interfere or usurp." *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961). As courts have observed, "in Texas, elected county officials

---

[1] *See* Brief from Honorable John Mark Cobern, Titus Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Mar. 12, 2013), http://www.texasattorneygeneral.gov/opin ("Request Brief").

hold 'virtually absolute sway over the particular tasks or areas of responsibility entrusted to [them] by state statute.'" *Hooten v. Enriquez*, 863 S.W.2d 522, 531 (Tex. App.—El Paso 1993, no writ) (quoting *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)). However, an official's protected "sphere of authority" concerns only "core duties" specifically delegated to the officer by the Texas Constitution and statutes. *See Griffin v. Birkman*, 266 S.W.3d 189, 197 (Tex. App.—Austin 2008, pet. denied) (citing *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 79–80 (Tex. 1997)).

No statute specifically addresses the authority of an official to establish policy with respect to the presence of pets or other animals on office premises. Your question concerns the commissioners court's authority to establish regulations applicable to the county attorney's office, which is located in the county courthouse. Request Brief at 1. Commissioners courts have only the power conferred to them by statute or the Texas Constitution. TEX. CONST. art. V, § 18(b); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). But when the constitution and statutes have conferred a right or obligation on the commissioners court, the commissioners court has implied authority to exercise broad discretion to accomplish the purposes underlying the constitutional or statutory provision. *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). A commissioners court action is subject to reversal only for acts beyond its jurisdiction or a clear abuse of discretion. *Comm'rs Ct. of Titus Cnty.*, 940 S.W.2d at 80–81.

Commissioners courts have a specific statutory duty to provide and maintain a county courthouse and offices for county officials. TEX. LOC. GOV'T CODE ANN. § 291.001 (West 2005). This statutory duty gives a commissioners court "at least implied authority to regulate the use [of county offices] within reasonable bounds." *Dodson v. Marshall*, 118 S.W.2d 621, 623 (Tex. Civ. App.—Waco 1938, writ dism'd); *see also* TEX. LOC. GOV'T CODE ANN. § 291.003 (West 2005) ("The county sheriff shall have charge and control of the county courthouse, *subject to the regulations of the commissioners court*." (emphasis added)). Moreover, a commissioners court's duty to provide offices under section 291.001 is "replete with discretion." *In re El Paso Cnty. Courthouse*, 765 S.W.2d 876, 879 (Tex. App.—El Paso 1989, no writ). Therefore, the regulation of animals in the county courthouse and county offices is a matter that is generally within the commissioners court's discretionary authority.

Because the subject matter of the commissioners court's order is within the commissioners court's authority, the remaining issue is whether the commissioners court abused its discretion by issuing the order. *See Comm'rs Ct. of Titus Cnty.*, 940 S.W.2d at 81. A commissioners court may abuse its discretion by acting "illegally, unreasonably, or arbitrarily." *Id.* at 80. You do not suggest that the commissioners court's order is contrary to any statute.[2] If, however, the commissioners court's order interfered with a county official's performance of the

---

[2]To the extent that a commissioners court order is contrary to a statutory requirement, it would be invalid. *See Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 863 (Tex. 1993) (stating that a commissioners court's acts "must be grounded ultimately in the Texas Constitution or statutes").

statutory or constitutional duties of his office, the order would exceed the commissioners court's authority. *See, e.g., Abbott v. Pollock*, 946 S.W.2d 513, 516–17 (Tex. App.—Austin 1997, writ denied) (holding that a commissioner court may determine the number and compensation of a sheriff's employees, but may not interfere with the sheriff's exclusive statutory authority to hire or terminate employees).  You assert that the presence of your dog helps to maintain a safer office environment.  Request Brief at 1, 4.  Whether that assertion is accurate or not, under the facts as you relate them a reviewing court would likely conclude that the commissioners court's order does not unreasonably interfere with the performance of the statutory or constitutional duties of the county attorney.  Accordingly, given the commissioners court's statutory authority to maintain and regulate county offices, a reviewing court would likely uphold the commissioners court order prohibiting animals in all county offices, including the office of the county attorney.

## S U M M A R Y

Due to a commissioners court's statutory authority to maintain and regulate county offices, a reviewing court would likely determine that the Titus County Commissioners Court may generally prohibit animals in county offices, including the office of the county attorney.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee